IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE

FILED

February 22, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

FOR PUBLICATION

| | | |
|---|---|---|
| EARL McCOY, | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | |
| | ) | HAMILTON CHANCERY |
| | ) | |
| | ) | |
| Vs. | ) | HON. W. FRANK BROWN, III, |
| | ) | CHANCELLOR |
| | ) | |
| | ) | |
| T.T.C.. ILLINOIS INCORPORATED | ) | NO. E1999-01378-SC-WCM-CV |
| | ) | |
| Defendant/Appellee. | ) | |

**For the Plaintiff/Appellant:**
G. Brent Burks
McMAHAN & ASSOCIATES
Chattanooga, Tennessee

**For the Defendant/Appellee:**
James T. Williams
W. Anthony Hullender
MILLER & MARTIN LLP
Chattanooga, Tennessee

# O P I N I O N

JUDGMENT OF TRIAL COURT
AFFIRMED.

DROWOTA, J.

In this worker's compensation action, the employee, Earl McCoy ("McCoy"), appeals from a judgment of the Chancery Court of Hamilton County which awarded him forty-five percent permanent partial disability benefits to the body as a whole but held that the employer, T.T.C. Incorporated of Illinois ("TTC") was entitled to an offset against the worker's compensation award in an amount equal to one-half of McCoy's monthly Social Security old age insurance benefit payments. McCoy raises the following two issues in this appeal: (1) whether the trial court erred in finding that the employer was entitled to the Social Security offset since the award was for permanent partial disability benefits rather than permanent total disability benefits; and (2) assuming an offset is appropriate, whether the trial court erred in awarding an offset of fifty percent of the total amount of Social Security old age insurance benefits received by McCoy rather than an offset equal to only TTC's contribution to McCoy's social security fund. After carefully examining the record and the relevant authorities, we conclude that an offset is appropriate under this Court's decisions in Vogel v. Wells Fargo Guard Serv., 937 S.W.2d 856, 862 (Tenn. 1996) and McIlvain v. Russell Stover Candies, Inc., 996 S.W.2d 179, 184-85 (Tenn. 1999). Furthermore, both the language of the statute and the legislative history support the trial court's computation and award of a fifty percent offset of the total amount of Social Security old age insurance benefits received by McCoy. Accordingly, we affirm the judgment of the trial court.

## BACKGROUND

The facts pertinent to the legal issues in this appeal are not disputed. McCoy was hired by TTC as a tractor operator and long distance truck driver in June of 1992. On April 23, 1995, McCoy was involved in an on-the-job accident when his tractor

-2-

and trailer overturned in Arizona. McCoy was sixty-seven years old at the time the accident occurred and was seventy-one years of age at the time of trial. As a result of the accident, McCoy suffered a cervical strain, an aggravation of pre-existing cervical spondylosis, an aggravation of pre-existing tinnitus, and a loss of balance. As a result of these injuries, the trial court found that McCoy had sustained a forty-five percent permanent partial disability to the body as a whole, which equates to benefits for 180 weeks. Citing Tenn. Code Ann. § 50-6-207(4)(A)(i), and this Court's decision in Vogel, the trial court also found that TTC is entitled to an offset against the workers' compensation award in an amount equal to one-half of any Social Security old age insurance benefits paid to McCoy. The trial court determined the offset to be $86.92 per week for 1995, $91.49 per week for 1996, and $101.42 per week for 1997.

McCoy perfected an appeal, and following argument before the Special Workers' Compensation Appeals Panel, an order was entered transferring the case to the regular docket of this Court for review and disposition. For the following reasons, we affirm the decision of the trial court.

## STANDARD OF REVIEW

Appellate review of factual findings in a worker's compensation case is de novo upon the record of the trial court with a presumption that the findings of the trial court are correct. See Tenn. Code Ann. § 50-6-225(e)(2) (1999). Where, as in this case, a question of law is presented, appellate review is de novo without a presumption of correctness. Parks v. Tennessee Mun. League Risk Management Pool, 974 S.W.2d 677, 678 (Tenn. 1998); Nutt v. Champion Int'l Corp., 980 S.W.2d

365, 367 (Tenn. 1998); <u>Presley v. Bennett</u>, 860 S.W.2d 857, 858 (Tenn. 1993).


## SOCIAL SECURITY OFFSET

### A. Application

In this Court, McCoy first contends that the trial court erred in applying the offset for Social Security old age insurance benefits. McCoy contends that pursuant to the plain language of the statute, the offset applies only to awards of permanent <u>total</u> disability benefits, not permanent <u>partial</u> disability benefits. McCoy also asserts that the trial court's reliance upon this Court's decision in <u>Vogel</u> was misplaced because <u>Vogel</u> did not discuss the Social Security offset. In contrast, relying upon both this Court's decision in <u>Vogel</u> and our more recent decision in <u>McIlvain</u>, TTC argues that the trial court appropriately awarded an offset for Social Security old age insurance benefits even though McCoy was awarded permanent <u>partial</u> disability benefits rather than permanent <u>total</u> benefits.


We begin our analysis with the relevant statute, Tenn. Code Ann. § 50-6-207(4)(A)(i) (1999), which provides, in pertinent part, as follows:

> [C]ompensation shall be paid during the period of the permanent total disability until the employee reaches sixty-five (65) years of age; provided, that with respect to disabilities resulting from injuries which occur after 60 years of age, regardless of the age of the employee, permanent total disability benefits are payable for a period of two hundred sixty (260) weeks. Such compensation payments shall be reduced by the amount of any old age insurance benefit payments attributable to employer contributions which the employee may receive under the Social Security Act, U.S.C., title 42, chapter 7, subchapter II, as amended.

This statute contains two directives which relate to workers over sixty who sustain injuries to the body as a whole – the 260 week cap and the Social Security offset. We have not previously considered the application of the Social Security offset.

However, the proper application and interpretation of this statute with respect to the 260 week cap was considered by this Court in Vogel. In that case, a seventy-three year old employee sustained a work-related injury which resulted in permanent total disability. In Vogel, the employee contended that the "disability-based" classification which imposed a 260 week cap on benefits for workers who are permanently and totally disabled past the age of sixty was irrational.

This Court agreed that the statute's imposition of a 260 week cap on benefits for workers who are permanently and totally disabled past the age of sixty by a work-related injury is irrational. See Vogel, 937 S.W.2d at 862. We observed that a literal application of the statute would lead to the irrational result of allowing a worker who becomes one hundred percent permanently totally disabled at age sixty to draw only 260 weeks of benefits, while allowing the same worker who becomes ninety percent permanently partially disabled at age sixty to draw 360 weeks of benefits. Based on our conclusion that "the differential between permanently totally and permanently partially disabled workers over sixty is irrational," we reversed the trial court and held that "the 260 week cap set forth in Tennessee Code Annotated Section 50-6-207(4)(A)(i) applies to all injured workers over sixty who are awarded benefits under the Workers' Compensation statute for permanent partial or permanent total disability." Id. at 862. In so holding, we noted that our conclusion was "required to avoid an otherwise irrational result." Id.

Last year in McIlvain, we applied this statute in the context of a worker over age sixty who had sustained a work-related injury resulting in a disability of forty percent to a scheduled member. See McIlvain, 996 S.W.2d at 184. The employer

in McIlvain claimed that under the statute, it was entitled to offset the employee's Social Security old age insurance benefits against her workers' compensation award. Furthermore, the employer argued that the employee should have been awarded benefits equivalent to forty percent of 260 weeks, the cap set in the statute for workers who are injured after age sixty, rather than benefits equivalent to forty percent of 400 weeks. In rejecting the employer's arguments, we observed that "[i]t is well-settled that '[w]hen the injury is to a scheduled member, the disability award is *exclusively* controlled by the impairment rating established by the General Assembly for that member.'" Id. at 185 (emphasis in original)(citations omitted). Accordingly, in McIlvain, we held that "Tenn. Code Ann. § 50-6-207(4)(A)(i) applies to workers over age 60 who suffer injuries to the body as a whole, whether permanent partial or permanent total, but not to such workers who suffer scheduled member injuries." Id. at 185.

Therefore, in both Vogel and McIlvain, we declared that Tenn. Code Ann. § 50-6-207(4)(A)(i) applies to all injured workers over the age of sixty who are awarded workers' compensation benefits for permanent partial or permanent total disability to the body as a whole.[1] While we were dealing specifically with the 260 week cap in those cases, the Social Security offset at issue in this appeal is an integral part of Tenn. Code Ann. § 50-6-207(4)(A)(i). As previously stated, the offset is one of two directives that relate to workers over the age of sixty who are awarded compensation benefits. Having previously declared that one of the directives, the 260 week cap, applies to workers over the age of sixty who sustain permanent partial as well as

---

[1]We note that the General Assembly has met in regular session three times since this Court rendered its decision in Vogel, yet Section 207(4)(A)(i) has not been amended to supersede the Vogel decision.

-6-

permanent total disability to the body as a whole, we can conceive of no valid reason to refuse to apply the other directive, the Social Security offset, to the same class of workers. Statutes must be construed and applied in their entirety. See Cohen v. Cohen, 937 S.W.2d 823, 827 (Tenn. 1996). This rule of statutory construction militates in favor of applying the Social Security offset in the same manner that the 260 week cap has previously been applied. Moreover, the reasoning which prompted this Court's decision in Vogel is clearly pertinent to the issue in this appeal. Here, as in Vogel, were we to hold the Social Security offset applicable to permanent total disability benefits, but inapplicable to permanent partial disability benefits, a worker would receive more benefits from a determination of less disability. We decline to construe the statute in a manner that would produce such an irrational result. Accordingly, we hold that the Social Security offset contained in Tenn. Code Ann. § 50-6-207(4)(A)(i) applies to workers over age sixty who suffer injuries to the body as a whole, regardless if the injury is for permanent partial or permanent total disability benefits.

## B. Computation

Having determined that the Social Security offset is applicable, we must next consider whether the trial court erred in awarding an offset of one-half of the total amount of Social Security old age insurance benefits received by McCoy. McCoy argues that the trial court erred in computing the offset at fifty percent. According to McCoy, the correct method for computing the offset is to consider only the contributions made from June of 1992 by TTC, the employer at the time of the injury, rather than the total amount of employer contributions. McCoy contends that the trial court's computation allows an employer to receive benefits in excess of his

contributions to the social security fund of the employee, and he argues that such a result is unjust because it allows the employer to reap a windfall at the expense of the injured worker. TTC responds that trial court's award of a fifty percent offset is consistent with both the statutory language and the legislative history of the statute.

We emphasize that the role of this Court in construing statutes is to ascertain and give effect to legislative intent. See Cronin v. Howe, 906 S.W.2d 910, 912 (Tenn. 1995). When the language of a statute is unambiguous, legislative intent is to be ascertained from the plain and ordinary meaning of the statutory language used. See Carson Creek Vacation Resorts, Inc. v. State, Dep't of Revenue, 865 S.W.2d 1, 2 (Tenn. 1993). Where as here, the parties legitimately have different interpretations of the same statutory language, an ambiguity exists, and we may consider the legislative history and the entire statutory scheme for interpretive guidance. See Carter v. State, 952 S.W.2d 417, 419 (Tenn. 1997); Owens v. State, 908 S.W.2d 923, 926 (Tenn. 1995); Lyons v. Rasar, 872 S.W.2d 895, 897 (Tenn. 1994).

As previously set out, the language of the statute calls for an offset equal to "the amount of any old age insurance benefit payments attributable to employer contributions." Significantly, the statute does not say "employer's contributions" or "the contributions of the employer at the time of the injury." Accordingly, the language of the statute does not support McCoy's argument that the offset is limited to only TTC's contributions. In addition, the legislative history indicates that the trial court correctly computed the offset. Before the provision was adopted by the General Assembly, the sponsor of the legislation summarized its impact as follows:

the effect of this would be a worker who is eligible for benefits, say, at age 65 becomes injured would have workmen's compensation benefits for five years, off-set by one-half the social, or her social security benefit. So if you had a $500 a month [worker's compensation] benefit, and you had a $500 a month social security benefit, $250 of the social security benefit would be used to offset the workers' compensation benefit. So you would have a total benefit in that case of $750, as example.

Remarks of Senator Riley Darnell, Senate Floor Session, April 30, 1992, Tape Nos. S-79, S-81,S-82, and S-83. This statement clearly illustrates that the statute was intended to provide a fifty percent offset of the total amount of Social Security old age insurance benefits received by the employee. Accordingly, we agree with the trial court that Tenn. Code Ann. § 50-6-207(4)(A)(i) authorizes an offset of fifty percent of the total amount of any Social Security old age insurance benefits received by employees over sixty who suffer injuries to the body as a whole and are awarded permanent total or permanent partial disability benefits under the Workers' Compensation Law.

## CONCLUSION

After careful consideration of the relevant authorities, we conclude that the trial court correctly ordered an offset for Social Security under this Court's decisions in Vogel and McIlvain even though the worker's compensation award was for permanent partial disability benefits. We also conclude that the trial court correctly computed the offset to be fifty percent of the total amount of Social Security old age insurance benefits received by McCoy. Accordingly, we affirm the judgment of the trial court.

_____
FRANK F. DROWOTA, III,
JUSTICE

**Concur:**
Anderson, C.J.
Birch, Holder, Barker, JJ.