**Anna Sue CORRELL, Individually and as Administrator Ad Litem for the Estate of Edward H. Correll**

v.

**E.I. DUPONT de NEMOURS & CO.**

Supreme Court of Tennessee,
at Knoxville.

Sept. 6, 2006 Session.

Nov. 9, 2006.

Jimmy F. Rodgers, Jr., and Arnold A. Stulce, Jr., Chattanooga, Tennessee, for the Appellant, Anna Sue Correll, Individually and as Administrator Ad Litem for the Estate of Edward H. Correll.

John R. Lewis, Nashville, Tennessee, for the Appellee, E.I. DuPont de Nemours and Co.

**OPINION**

E. RILEY ANDERSON, Sp.J., delivered the opinion of the court, in which WILLIAM M. BARKER, C.J., and JANICE M. HOLDER, CORNELIA A. CLARK, and GARY R. WADE, JJ., joined.

We accepted this appeal prior to its review by the Special Workers' Compensation Appeals Panel primarily to determine whether an employer's subrogation right under Tennessee Code Annotated section 50–6–112(c) extends to the recovery an employee's surviving spouse obtains in a products liability action filed by the employee in Georgia prior to his death. We uphold the trial court's determination that the employer's statutory subrogation extends to the surviving spouse's products liability recovery. In addition, we affirm the trial court's disposition of the plaintiff's claim concerning a Medicare lien for medical expenses, the trial court's holding that an offset for Social Security old-age benefits applies to the award of workers' compensation death benefits, and the trial court's resolution of the surviving spouse's claim for attorneys' fees. We remand this case to the trial court to determine the amount of the recovery the employee's surviving spouse obtained in the Georgia products liability action and to allocate a reasonable portion of the recovery to the surviving spouse's claim for loss of consortium, to which the employer's subrogation right does not extend. Finally, upon remand the parties may submit for the trial court's consideration proof concerning the amount of the deceased employee's medical expenses for which the employer is responsible.

*Factual and Procedural Background*

For thirty-seven years prior to his retirement in 1985, Edward H. Correll worked for E.I. DuPont de Nemours and Co. ("DuPont") at its Chattanooga facility, and for the last twenty-nine years of his employment, he worked as a pipe fitter. Mr. Correll was exposed to asbestos during his employment with DuPont and developed malignant mesothelioma. Based on the asbestos exposure, Mr. Correll filed a workers' compensation action against DuPont in the Chancery Court for Hamilton County on June 28, 2004. At approximately the same time, Mr. Correll filed a products liability action against several defendants in Fulton County, Georgia. Mr. Correll died less than two months later, on August 24, 2004. After Mr. Correll's death, plaintiff, Anna Sue Correll, who was married to Mr. Correll from 1949 until his death in 2004, continued to litigate both the Tennessee workers' compensation action and the Georgia products liability action.

The plaintiff received a recovery in the Georgia products liability action, and the workers' compensation action went to trial on May 24, 2005. Prior to trial, DuPont conceded the issues of causation and compensability. The disputed issues for trial included the applicable benefit rate, the amount of DuPont's subrogation interest in plaintiff's products liability recovery, and DuPont's entitlement to an offset for Social Security old-age benefits. In addition, the plaintiff attempted to introduce evidence that Medicare might assert a lien for the medical expenses it had paid. The Chancellor sustained DuPont's hearsay objection to this proof.

After trial, the Chancellor entered a judgment granting permanent total disability benefits for the period March 8, 2004, until Mr. Correll's death on August 24, 2004. He also granted death benefits to the plaintiff. The Chancellor determined that DuPont was entitled to subrogation with respect to the plaintiff's recovery in the Georgia products liability case. The Chancellor stated that DuPont's subrogation interest applied only to the net amount, sixty percent, of the plaintiff's recovery, with the remaining forty percent of the settlement proceeds designated to the plaintiff's attorneys in the products liability action. The Chancellor also awarded the plaintiff's attorneys in this workers' compensation case twenty percent of the award against DuPont.

The Chancellor determined that DuPont was entitled to an offset for Social Security old-age benefits with regard to the total permanent disability award and the death benefit award. In allowing such offset with regard to the death benefit award, the Chancellor explained:

> Ms. Correll has requested that this court declare that the Social Security credit be declared inapplicable to the death benefits payable to her. There is no specific credit for Social Security old

age benefits applicable to death benefits. However, the court holds that the death benefits payable to Ms. Correll will be based upon Mr. Correll's weekly worker's compensation benefit of $373.33, which is based upon the Social Security Credit.

> The court has tried to use logic and common sense in coming to this decision. First, it would seem inconsistent for a surviving spouse to receive more benefits, or at least benefits based upon a higher worker[s'] compensation benefit rate, than did the employee before his or her death.... Second, to allow Ms. Correll to collect benefits on the basis of 50% of $494.67, instead of 50% of $373.33 per week, would result in the elimination of the Social Security credit passed by the General Assembly in death cases. The General Assembly determined that persons over 60 had restricted periods for recovery and reduced benefits based upon Social Security Old Age Benefits. Mr. Correll was over 76 years old at the time of his death. *See McCoy v. T.T.C. Illinois, Inc.*, 14 S.W.3d 734, 736–37 (Tenn.2000), for an analogous situation wherein the Supreme Court applied the Social Security credit to permanent partial disability benefits in order to effectuate legislative intent.

Regarding the plaintiff's request for medical expenses that had been paid by Medicare, with respect to which the plaintiff anticipated the assertion of a Medicare lien, the Chancellor stated:

> In anticipation of Medicare seeking reimbursement, counsel for Mrs. Correll has requested that this court rule that DuPont is liable for any future expenses that Medicare may claim. While DuPont will be liable for any expenses paid by Medicare that would be DuPont's responsibility as a result of Mr. Correll's

mesothelioma, the court is without evidence or information sufficient to make a determination as to DuPont's future anticipated liability for medical expense reimbursement to Medicare.... Therefore, the Medicare issue will have to be resolved if and when it arises.

With respect to the subrogation lien, the Chancellor relied on this Court's decision in *Hunley v. Silver Furniture Mfg. Co.*, 38 S.W.3d 555 (Tenn.2001), and stated, "the subrogation lien does not attach to proceeds from Mrs. Correll's loss of consortium claim." Relying apparently on disbursement statements prepared by the attorneys in the products liability case, the Chancellor stated, "The disbursement statements indicate that 60% of the settlement amounts are allocated for wrongful death and 40% for Mrs. Correll's loss of consortium." The Chancellor did not make a determination whether this allocation of settlement proceeds was reasonable.

### Analysis

Our standard of review of factual issues in a workers' compensation case is de novo upon the record of the trial court, accompanied by a presumption of the correctness of the trial court's factual findings, unless the preponderance of the evidence is otherwise. Tenn.Code Ann. § 50–6–225(e)(2) (2005); *see also Houser v. Bi–Lo, Inc.*, 36 S.W.3d 68, 70–71 (Tenn.2001).

### Subrogation Interest Regarding Wrongful Death Recovery

An employee who has been injured by a third-party tortfeasor may receive workers' compensation benefits from his or her employer and, in addition, may pursue a cause of action against the third-party tortfeasor. *See* Tenn.Code Ann. § 50–6–112 (2005). With respect to a recovery of damages from the third-party by an injured employee or a deceased employee's personal representatives, our workers' compensation statutes provide a subrogation lien in favor of the employer, in pertinent part, as follows:

> In the event of such recovery against such third person by the worker, *or by those to whom such worker's right of action survives,* by judgment, settlement or otherwise, and the employer's maximum liability for workers' compensation under this chapter has been fully or partially paid and discharged, the employer shall have a subrogation lien therefor against such recovery, and the employer may intervene in any action to protect and enforce such lien.

Tenn.Code Ann. § 50–6–112(c)(1) (2003) (emphasis added). The purpose of the employer's statutory subrogation lien is "[t]o prevent the employee from receiving a double recovery." *Hickman v. Cont'l Baking Co.*, 143 S.W.3d 72, 76–77 (Tenn. 2004).

In contending that DuPont's subrogation interest does not extend to the settlement she received for the wrongful death of her husband in the Georgia products liability case, the plaintiff relies on our decision in *Hunley*, 38 S.W.3d at 555. In that case, we held that "an employer's right to subrogation does not extend to amounts recovered by the worker's spouse for loss of consortium against a third-party tortfeasor and ... amounts collected by a spouse for a cause of action vested solely in that spouse are beyond the reach of the statutory subrogation lien." *Id.* at 558. In so holding, we explained that an employee's spouse has no right under the workers' compensation statutes to bring suit against the employer for loss of consortium. *Id.* (citing *Napier v. Martin*, 194 Tenn. 105, 250 S.W.2d 35, 36 (1952)). "The spouse's remedy for loss of consortium exists only against a third-party tortfeasor...." *Id.* at 558. Therefore, we held that the employer's subrogation right does not extend to

an employee's spouse's recovery for loss of consortium.

However, despite the plaintiff's argument, the rationale of *Hunley* does not mandate a similar outcome in this case. Here, in contrast to *Hunley*, the workers' compensation statutes provide for compensating a deceased worker's spouse with death benefits. Thus, the purpose of the statutory subrogation lien, i.e., to prevent a double recovery, is present when an employee's surviving spouse obtains a wrongful death recovery from a third-party tortfeasor but is absent when an employee's spouse obtains a recovery on a claim for loss of consortium.

Indeed, this Court has previously held that an employer's subrogation interest under Tennessee Code Annotated section 50–6–112 extends to a surviving spouse's recovery in a Tennessee wrongful death action. *Hudson v. Hudson Mun. Contractors, Inc.*, 898 S.W.2d 187 (Tenn.1995); *Beam v. Maryland Cas. Co.*, 477 S.W.2d 510 (Tenn.1972). Our holding in *Hunley* did not, as the plaintiff contends, change this result,[1] nor do we depart from our holding in *Hudson* today.

The plaintiff asserts that the result in this particular case should be different because she obtained the wrongful death recovery under Georgia law. There are differences between the Georgia and Tennessee wrongful death statutes, but the differences are not relevant to the issue here.[2] The Georgia Court of Appeals in *Mowell v. Marks*, 269 Ga.App. 147, 603 S.E.2d 702 (2004), stated as follows regarding claims for wrongful death in Georgia:

> A survivor cannot recover for the decedent's wrongful death if the decedent could not have recovered in his or her own right. As we have found:
>
>> '[a]lthough it is true that the action created by the wrongful death statute is different from the cause of action which the decedent would have possessed if he had lived, any defense which would have been good against the decedent is good against his representatives in a wrongful death action.'

603 S.E.2d at 704 (citations omitted).

The need to prevent double recovery with respect to a wrongful death claim governed by Tennessee law also exists when the wrongful death recovery is obtained under Georgia law. The employer's right of subrogation under Tennessee Code Annotated section 50–6–112 applies in both instances. Our decision concerning the applicability of the subrogation interest provided by Tennessee Code Annotated section 50–6–112 is consistent with the result Georgia courts have reached concerning the subrogation interest employers are afforded by Georgia's workers' compensation statutes. *See, e.g.,* Ga.Code Ann. § 34–9–11.1; *Liberty Mut. Ins. Co. v.*

---

**1.** We stated in a footnote in *Hunley:* "This claim is not one for wrongful death. We, therefore, express no opinion as to the extent to which damages awarded pursuant to a claim for wrongful death are subject to subrogation under Tenn.Code Ann. § 50–6–112(c)." 38 S.W.3d at 557 n. 3. However, we did not intend by this footnote to overrule our prior decision in *Hudson.*

**2.** Tennessee Code Annotated section 20–5–106(a) (Supp.2005) provides: "The right of action which a person who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against a wrongdoer, in case death had not ensued, shall not abate or be extinguished by the person's death but shall pass to the person's surviving spouse...." Similarly the Georgia statute provides: "The surviving spouse or, if there is no surviving spouse, a child or children, either minor or sui juris, may recover for the homicide of the spouse or parent the full value of the life of the decedent, as shown by the evidence." Ga.Code Ann. § 51–4–2(a).

*Johnson,* 244 Ga.App. 338, 535 S.E.2d 511 (2000).

The Chancellor calculated the extent of DuPont's subrogation interest in the wrongful death recovery that the plaintiff had received at the time of trial. He also stated that DuPont would have a subrogation interest in any future recovery the plaintiff received in the Georgia wrongful death action. DuPont has filed in this Court a motion to consider post-judgment facts; the motion relates to settlements that DuPont contends have been reached in the Georgia wrongful death case subsequent to the trial in this case. By an order filed contemporaneously with this opinion, this Court has denied DuPont's motion. However, upon remand, the parties may present to the trial court evidence of any recovery the plaintiff has received in the Georgia wrongful death case since the trial of this case. The Chancellor shall consider such evidence in calculating the extent of DuPont's subrogation interest.

### Medicare Lien

■ The Chancellor sustained DuPont's hearsay objection to the plaintiff's attempt to introduce into evidence correspondence the plaintiff's attorney received from representatives of Medicare relating to the possible assertion of a lien for medical benefits provided to Mr. Correll by Medicare. Additionally, the Chancellor concluded that he lacked the evidence necessary to determine the amount of reasonable medical expenses for which DuPont would be liable pursuant to Tennessee Code Annotated section 50–6–204. We find no error in either of these determinations.

The plaintiff has filed in this Court a motion to consider as post-judgment facts correspondence the plaintiff has received from representatives of Medicare subsequent to the trial. By an order filed contemporaneously with this opinion, this Court has denied the plaintiff's motion. However, upon remand the parties may present evidence to the trial court concerning the amount of the medical expenses for which DuPont is liable pursuant to Tennessee Code Annotated section 50–6–204.

### Social Security Offset

■ The plaintiff asserts that the trial court erred in determining that the offset for Social Security old-age benefits is applicable to death benefits awarded to her. We disagree. Tennessee Code Annotated section 50–6–207(4)(A) provides for workers' compensation awards for permanent total disability. Section 50–6–207(4)(A)(i) states that, "[s]uch compensation payments shall be reduced by the amount of any old age insurance payments attributable to employer contributions that the employee may receive under title II of chapter 7, title 42 of the Social Security Act, 42 U.S.C. § 401 et seq., as amended." In *McCoy v. T.T.C. Ill. Inc.,* 14 S.W.3d 734, 738 (Tenn.2000), we held that, although the foregoing language was contained only in the portion of Tennessee Code Annotated section 50–6–207 dealing with awards for permanent total disability, the provision was equally applicable to awards of permanent partial disability. Our analysis included the following:

> [I]n both [*Vogel v. Wells Fargo Guard Serv.,* 937 S.W.2d 856 (Tenn.1996)] and [*McIlvain v. Russell Stover Candies, Inc.,* 996 S.W.2d 179 (Tenn.1999)], we declared that Tenn.Code Ann. § 50–6–207(4)(A)(i) applies to all injured workers over the age of sixty who are awarded workers' compensation benefits for permanent partial or permanent total disability to the body as a whole. While we were dealing specifically with the 260 week cap in those cases, the Social Security offset at issue in this appeal is an integral part of Tenn.Code Ann. § 50–6–207(4)(A)(i). As previously stated, the

offset is one of two directives that relate to workers over the age of sixty who are awarded compensation benefits. Having previously declared that one of the directives, the 260 week cap, applies to workers over the age of sixty who sustain permanent partial as well as permanent total disability to the body as a whole, we can conceive no valid reason to refuse to apply the other directive, the Social Security offset, to the same class of workers.

. . . .

... Accordingly, we agree with the trial court that Tenn.Code Ann. § 50–6–207(4)(A)(i) authorizes an offset of fifty percent of the total amount of any Social Security old age insurance benefits received by employees over sixty who suffer injuries to the body as a whole and are awarded permanent total or permanent partial disability benefits under the Workers' Compensation Law.

14 S.W.3d at 737–38. We agree with the trial court in this case that the offset for Social Security old-age insurance benefits provided in Tennessee Code Annotated section 50–6–207(4)(A)(i) applies to workers' compensation death benefits.

### Attorney's Fees

■ The plaintiff relies on *Hickman,* 143 S.W.3d at 79, in contending that the Chancellor did not adequately provide for attorneys' fees in determining the extent of DuPont's subrogation interest. Based on the Chancellor's rulings regarding attorneys' fees referred to above, we see no error in this regard. In any event, the plaintiff did not raise an issue regarding attorneys' fees in the trial court. "[I]ssues not raised in the trial court cannot be raised for the first time on appeal." *Simpson v. Frontier Cmty. Credit Union,* 810 S.W.2d 147, 153 (Tenn.1991). We decline to reverse the trial court's disposition regarding attorneys' fees.

### Consortium Claim

■ Based on our decision in *Hunley,* 38 S.W.3d at 557, the Chancellor correctly determined that DuPont's subrogation interest does not attach to Mrs. Correll's recovery from third-party tortfeasors for loss of consortium. The Chancellor stated that forty percent of the settlement proceeds that Mrs. Correll had received at the time of trial was attributable to the loss of consortium claim. There was, however, no basis for determining whether such an allocation of the recovery from third-party tortfeasors was reasonable for purposes of calculating DuPont's subrogation interest. With regard to settlement proceeds that the plaintiff has received subsequent to the trial in this case, there has been no determination regarding what portion, if any, of such proceeds is attributable to the loss of consortium claim, or whether allocation to the loss of consortium claim is reasonable. Accordingly, we remand the case to the trial court for a determination of the amount of the plaintiff's recovery from third-party tortfeasors, including money she has received subsequent to the trial in this case that is reasonably attributable to her loss of consortium claim, for purposes of determining the extent of DuPont's subrogation interest under Tennessee Code Annotated section 50–6–112.

### Conclusion

We conclude that the Chancellor correctly determined that DuPont's subrogation interest under Tennessee Code Annotated section 50–6–112 applies to the wrongful death recovery received by the decedent employee's spouse in the Georgia products liability case. We hold that the Chancellor was also correct in determining that the offset for Social Security old-age benefits in Tennessee Code Annotated section 50–6–207(4)(A)(i) applies to workers' compensation death benefits. In addition,

we affirm the trial court's rulings regarding the assertion of a Medicare lien and attorneys' fees.

We remand the case to the trial court for a determination of the portion of Mrs. Correll's recoveries in the Georgia products liability case that is reasonably attributable to her loss of consortium claim for purposes of calculating DuPont's subrogation interest under Tennessee Code Annotated section 50–6–112. Upon remand, the Chancellor shall also consider evidence to be presented by the parties regarding the amount of settlement proceeds received by Mrs. Correll subsequent to the trial in this case and the portion of Mr. Correll's medical expenses for which DuPont is liable under Tennessee Code Annotated section 50–6–204.

The costs of this appeal are taxed one-half to the appellant, Anna Sue Correll, and her surety, and one-half to the appellee, E.I. DuPont de Nemours and Company, for which execution may issue if necessary.