# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
Submitted on Briefs October 29, 2015

## GAIL D. SMITH v. THE KING'S DAUGHTERS AND SONS HOME

### Appeal from the Chancery Court for Shelby County
No. CH1219382    Jim Kyle, Chancellor

_____

### No. W2015-00435-COA-R3-CV – Filed December 11, 2015
_____

This is a retaliatory discharge case.  Appellant worked for the Appellee nursing home. Appellant reported that patient abuse was occurring at her employer's facility.  The Tennessee Department of Health investigated the Appellee's facility, but found no wrongdoing.  In response to the Appellant's reporting, Appellee's employees allegedly harassed the Appellant.  Appellant notified Appellee that she would not report to work the day after the alleged harassment.  However, she also did not report to work or call in the day after that, and Appellee terminated her employment.  The trial court granted Appellee's individual employees' motions to dismiss and later granted the Appellee's motion for summary judgment.  The trial court also denied the Appellant's oral motion to amend her complaint at the summary judgment hearing.  We affirm.

### Tenn. R. Civ. Pro. 3 Appeal as of Right; Judgment of the Chancery Court is Affirmed and Remanded

KENNY ARMSTRONG, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and BRANDON O. GIBSON, J., joined.

Gail D. Smith, Memphis, Tennessee, appellant, *pro se*.

George T. Lewis, III, Stephen D. Goodwin, and Joann Coston-Holloway, Memphis, Tennessee, for the appellee, The King's Daughters and Sons Home.

# MEMORANDUM OPINION[1]

## I. Background

On May 25, 2006, Gail D. Smith ("Appellant") began working as a Certified Nursing Assistant at The King's Daughters and Sons Home ("KDSH" or "Appellee"), a nursing home. On December 16, 2011, Ms. Smith reported to the Tennessee Department of Health ("TDH") that she witnessed three KDSH employees physically, emotionally, and verbally abuse three of the home's residents. Ms. Smith received a letter from the Department of Health, dated December 19, 2011, acknowledging her claim of patient abuse. In a letter dated December 21, 2011, TDH informed Ms. Smith that a TDH surveyor made an "unexpected visit" to KDSH on December 20, 2011, and the surveyor did not find that any "rules or laws were being violated." Ms. Smith claims that on December 21, 2011, the three employees she accused of abusing patients harassed her during lunch. Ms. Smith reported the alleged harassment to Nicole B. Wiles, an assistant administrator at KDSH; however, Ms. Wiles took no action in response to Ms. Smith's report. Ms. Smith notified KDSH that she would not report to work the following day, December 22, 2011. Ms. Smith did not report to work on December 22, 2011; however, she also did not report to work on December 23, 2011. KDSH's employee handbook states that "Employees absent for one (1) day without reporting in will be considered as having 'voluntarily' quit and their position filled." On December 27, 2011, KDSH terminated Ms. Smith's employment, citing her as a "No call no show" on December 23, 2011.

On December 27, 2012, Ms. Smith filed a complaint for retaliatory discharge against KDSH. Ms. Smith claimed retaliatory discharge under the Tennessee Adult Protection Act, Tennessee Public Protection Act, and the common law. The complaint also named Ronald B. Arrison, Executive Director, Nicole B. Wiles, Assistant Administrator, Pamela Barton, Director of Nursing, Pamela Dixon, Assistant Director of Nursing, and Teresa King, Staffing Coordinator (collectively, "the individual defendants") as defendants. On January 7, 2013, Ms. Smith filed an amended complaint, reasserting her claims for retaliatory discharge and also making claims for tortious interference with at-will employment, intentional infliction of emotional distress, and negligent hiring, retention, and supervision. On February 7, 2013, all of the individually named defendants filed separate motions to dismiss, and KDSH filed its

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

answer to the complaint on the same day.

On March 20, 2013, KDSH filed a motion to recuse the Chancellor assigned to the case, and the Chancellor agreed to the recusal in an order dated May 7, 2013. The case was then transferred to Division II of the Shelby County Chancery Court ("trial court"). On October 7, 2013, the trial court heard the individual defendants' motions to dismiss. On October 11, 2013, the trial court entered a "Final Order" granting the motions and dismissing, with prejudice, the claims asserted against the individual defendants.[2] On January 13, 2014, KDSH filed a motion for the trial court to compel mediation, which the trial court granted in an order dated February 28, 2014. The parties went through mediation, but it was unsuccessful.

On November 10, 2014, KDSH filed its motion for summary judgment. The trial court heard the motion on December 17, 2014. At the hearing, Ms. Smith made an oral motion for leave to amend her complaint. On January 28, 2015, the trial court entered an order denying Ms. Smith's motion. That same day, the trial court entered an order granting KDSH's motion for summary judgment. The trial court concluded that Ms. Smith could not establish a *prima facie* case for her claims of retaliation under the Tennessee Public Protection Act, the Tennessee Adult Protection Act, and the common law. The trial court also concluded that Ms. Smith's claims of tortious interference with at-will employment, intentional infliction of emotional distress, and negligent hiring, retention, and supervision were barred by the applicable statute of limitations. The trial court also concluded that Ms. Smith could not establish a *prima facie* case for those claims. Appellant filed her Notice of Appeal on February 26, 2015.

## II. Issues

We restate the issues raised by Appellant as follows:

I. Whether the trial court properly granted the individual defendants' motions to dismiss.
II. Whether the trial court admitted hearsay evidence, thereby violating Appellant's Sixth Amendment rights in granting the motion for summary judgment.
III. Whether the trial court erred when it did not grant Appellant's motion for leave to amend her complaint.

---

[2] Pursuant to Tennessee Rule of Civil Procedure 54.02, the trial court determined there was no just reason for delay and directed entry of the order granting the individual defendants' motions to dismiss as a final judgment which triggered the thirty-day time limit for filing a notice of appeal.

## III. Standard of Review

We review the trial court's ruling on a motion for summary judgment *de novo*, with no presumption of correctness. *Abshure v. Methodist Healthcare-Memphis Hosps.,* 325 S.W.3d 98, 103 (Tenn. 2010). In doing so, we must make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Estate of Brown,* 402 S.W.3d 193, 198 (Tenn. 2013). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The moving party has the ultimate burden of persuading the court that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Town of Crossville Hous. Auth. v. Murphy,* 465 S.W.3d 574, 578 (Tenn. Ct. App. 2014) (citing *Byrd v. Hall,* 847 S.W.2d 208, 215 (Tenn.1993)). "If the moving party makes a properly supported motion for summary judgment, the burden of production shifts to the nonmoving party to demonstrate the existence of a genuine issue of material fact requiring trial." *Id.* (citing *Byrd,* 847 S.W.2d at 215).

When the moving party does not bear the burden of proof at trial, the moving party may make the required showing and shift the burden of production either "(1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *Rye v. Women's Care Ctr. of Memphis, MPLLC,* — S.W.3d —, No. W2013-00804-SC-R11-CV, 2015 WL 6457768, at *22 (Tenn. Oct. 26, 2015). However, "a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis." *Id.* Rule 56.03 requires that the moving party support its motion with "a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record. *Id.* If the moving party fails to meet its initial burden of production, the nonmoving party's burden is not triggered, and the court should dismiss the motion for summary judgment. *Town of Crossville Hous. Auth.*, 465 S.W.3d at 578–79 (citing *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008)).

If the moving party does satisfy its initial burden of production, "the nonmoving party 'may not rest upon the mere allegations or denials of [its] pleading,' but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, 'set forth specific facts' *at the summary judgment stage* 'showing that there is a genuine issue for trial.' " *Rye*, 2015 WL 6457768, at *22 (quoting Tenn. R. Civ. P. 56.06). The nonmoving party must

demonstrate the existence of specific facts in the record that could lead a rational trier of fact to find in favor of the nonmoving party. *Id.* If adequate time for discovery has been provided and the nonmoving party's evidence at the summary judgment stage is insufficient to establish the existence of a genuine issue of material fact for trial, then the motion for summary judgment should be granted. *Id.* Thus, even where the determinative issue is ordinarily a question of fact for the jury, summary judgment is still appropriate if the evidence is uncontroverted and the facts and inferences to be drawn therefrom make it clear that reasonable persons must agree on the proper outcome or draw only one conclusion. *White v. Lawrence,* 975 S.W.2d 525, 529–30 (Tenn.1998).

## IV. Analysis

We recognize at the outset that Appellant is a *pro se* litigant. *Pro se* litigants are entitled to fair and equal treatment by the courts. *See Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). While we take into account that Ms. Smith has no formal legal training, we must "be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Id.* "Even though the courts cannot create claims or defenses for *pro se* litigants where none exist, they should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers." *Id.* at 904 (internal citations omitted).

## A. Motions to Dismiss

Appellant argues that the trial court erred in granting the individual defendants' motions to dismiss. Specifically, Appellant argues that the motions to dismiss did not comply with Tennessee Rule of Civil Procedure 7.02(1). Appellant also argues that the trial court erred when it "impermissibly converted" the individual defendants' motions to dismiss under Tennessee Rule of Civil Procedure 12.02(6) into motions for summary judgment under Tennessee Rule of Civil Procedure 56.04. Appellee contends that the Appellant's appeal on this issue is untimely and, therefore, this Court lacks jurisdiction to review this issue. In her reply brief, Appellant concedes that her appeal of the trial court's grant of the motions to dismiss is untimely.

Despite her admission that her appeal on this issue is untimely, Appellant argues that this Court retains jurisdiction to determine whether the motions to dismiss were granted using "credible and legitimate" evidence. Appellant cites no authority for this proposition. Because the evidence that Appellant considers "illegitimate" was not before the trial court when the motions to dismiss were made or granted, it appears Appellant has conflated the grant of the motions to dismiss with the later grant of Appellee's motion for summary

judgment. The individual defendants' motions to dismiss were filed on February 7, 2013. The trial court granted these motions in an order dated October 11, 2013 and certified the order as a final judgment that same day. The affidavit of which Appellant now complains in regards to the motions to dismiss was introduced into the record on November 10, 2014, which is well after thirty days of entry of the order granting the motions to dismiss. Appellant's appeal was filed on February 26, 2015.

Tennessee Rule of Appellate Procedure 4(a) mandates that "[i]n an appeal as of right to the Supreme Court, Court of Appeals, or Court of Criminal Appeals, the notice of appeal…shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed…." "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004). Appellant concedes her appeal of the motions to dismiss is untimely. While the courts will afford *pro se* litigants some leeway, we must hold *pro se* litigants to the same procedural rules as all other litigants. *Hessmer*, 138 S.W.3d at 903. The untimeliness of Appellant's appeal of the trial court's grant of the motions to dismiss deprives this Court of appellate jurisdiction, and, therefore, we cannot review the issue of whether the trial court erred in granting the individual defendants' motions to dismiss.

## B. Hearsay Evidence and Motion for Summary Judgment

In her brief, Appellant lists numerous issues asserting that the trial court erroneously considered a hearsay statement in deciding the motion for summary judgment. While Appellant raises six issues concerning hearsay evidence in her brief, in reality she has raised a single issue and made multiple arguments as to why a hearsay statement should not have been considered by the trial court. The evidence Appellant challenges is a statement made by Ronald Arrison, the Executive Director of KDSH. Mr. Arrison's statement was introduced in an affidavit attached to the Appellee's memorandum of law in support of its motion for summary judgment. In his affidavit, Mr. Arrison states that "[i]f Ms. Smith had not intentionally concealed her termination for patient abuse at Cordova Rehabilitation, [KDSH] would not have hired her. Additionally, upon learning of Ms. Smith's intentional concealment of such vital information, [KDSH] would have terminated her." Appellant essentially argues that this statement amounts to hearsay and, therefore, should not have been before the trial court for consideration.[3] Appellant also argues that because this statement came before the trial court, her Sixth Amendment rights were violated. Appellee argues that Appellant cannot appeal this issue because she did not object to the evidence at the trial level.

---

[3] In her brief, Appellant acknowledges that she was terminated by Cordova Rehabilitation based on patient abuse allegations, but states that the allegations were "unfounded, unsubstantial, uncharged, unindicted."

6

Appellee also argues that the trial court did not rely on Mr. Arrison's statement in deciding the motion for summary judgment because there is no mention of the affidavit in the order granting summary judgment.

Appellant's brief gives the distinct impression that Appellant believes that Mr. Arrison's affidavit prejudiced the trial court because it resulted in her being formally accused of the crime of patient abuse, from which she did not have a chance to defend herself. Based upon this belief, Appellant argues that her Sixth Amendment rights were violated. However, as Appellant repeatedly points out in her brief, she has not been accused, indicted, tried, or convicted of the crime of abuse. This case is not a criminal proceeding. "'[A] defendant is not entitled to the constitution safeguards in a civil case that he has a right to in a criminal case.'" *Thornburgh v. Thornburgh*, 937 S.W.2d 925, 926 (Tenn. Ct. App. 1996)(quoting *Everhart v. State*, 563 S.W.2d 795 (Tenn. Crim. App. 1978)). *See also* U. S. CONST. amend. VI ("*In all criminal cases,* the accused shall enjoy the right…to be confronted with the witnesses against him.")(emphasis added); *Hannah v. Larche*, 363 U.S. 420 n. 16 (1960). Therefore, her argument attacking the trial court's grant of summary judgment on Sixth Amendment grounds is without merit. We also note from our review of the trial court's order that the Mr. Arrison's affidavit was not relied on by the trial court in reaching its decision on the motion for summary judgment.

We further note that, our review of the record does not show where Appellant raised the issue of the affidavit's admissibility in the trial court. Because Appellant is acting *pro se*, we have addressed this issue. However, an "issue not raised before the trial court may not be raised for the first time on appeal." *In re Estate of Smallman*, 398 S.W.3d 134, 148 (Tenn. 2013) (citing *Correll v. E.I. DuPont de Nemours & Co.*, 207 S.W.3d 751, 757 (Tenn. 2006)). Therefore, even if Appellant's argument did have some merit, the issue is waived.

### C. Amending the Complaint

Although not specifically set forth as an issue in her brief, Appellant challenges the trial court's decision denying her motion for leave to amend her complaint a second time.[4] Appellant argues that the trial court erred because she was denied the opportunity to plead additional facts that would have altered the outcome of the summary judgment motion. Appellee argues that the trial court did not abuse its discretion in denying the Appellant's motion to amend because the amendment sought would have been futile in light of the motion for summary judgment.

---

[4] We reiterate that we "give effect to the substance, rather than the form or terminology, of a pro se litigant's papers." *Hessmer*, 138 S.W.3d at 903. Because we afford *pro se* litigants this leeway, we address this issue even though Appellant did not specifically enumerate it in her brief.

7

"Trial courts have broad authority to decide motions to amend pleadings and will not be reversed absent an abuse of discretion." ***Pratcher v. Methodist Healthcare Memphis Hosps.***, 407 S.W.3d 727, 741 (Tenn. 2013) (citing ***Hawkins v. Hart***, 86 S.W.3d 522, 532 (Tenn. Ct. App. 2001)). "Under an abuse of discretion standard, an appellate court cannot substitute its judgment for that of the trial court." ***Id.*** (citing ***Williams v. Baptist Mem'l Hosp.***, 193 S.W.3d 545, 551 (Tenn. 2006)). "Numerous factors guide a trial court's discretionary decision whether to allow a late-filed amendment." ***Id.*** "Some of these factors include undue delay, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments and *futility of the amendments*." ***Id.*** (citing ***Merriman v. Smith***, 599 S.W.2d 548, 559 (Tenn. Ct. App. 1979)) (emphasis added).

The trial court denied Appellant's motion to amend on the basis that the amendment would be futile. The facts Appellant sought to add by the amendment would not affect the outcome of the case in light of the following relevant findings made by the trial court in granting the motion for summary judgment:

1.     [Appellant] cannot establish a *prima facie* case of retaliation under the Tennessee Public Protection Act because she cannot show that she was terminated solely for reporting alleged illegal activity in light of her admission that she quit her job and failed to report to work in violation of the [KDSH]'s No Call/No Show policy. The Court further finds that even if [Appellant] could establish a *prima facie* case of retaliation, Defendant had a legitimate, non-discriminatory reason for plaintiff's termination, which is the fact that [Appellant] quit her job and failed to call in or show up for work, and [Appellant] has failed to produce any evidence of pretext. […]

2.     [Appellant] cannot establish a *prima facie* case of retaliation under Tennessee common law because she cannot establish that her alleged reporting or engagement in protected activity was a substantial factor in the decision to terminate her employment in light of her admission that she quit her job and failed to call in or show up for work in violation [of KDSH's] No Call/No Show policy. The Court further finds that even if [Appellant] could establish a *prima facie* case of retaliation, [Appellee] had a legitimate, non-discriminatory reason for [Appellant]'s termination, which is the fact that [Appellant] quit her job and failed to call in or show up for work, and [Appellant] has failed to produce any evidence of pretext. […]

3.     [Appellant] cannot establish a *prima facie* case of retaliation under the Tennessee Adult Protection Act because she cannot establish that there was a detrimental change in her employment due to alleged reporting of patient abuse in light of her admission that she quit her job and failed to call in or

8

show up for work in violation of [KDSH]'s No Call/No Show policy. [Appellee] had a legitimate, non-discriminatory reason for [Appellant]'s termination, which is the fact that [Appellant] quit her job and failed to call in or show up for work, and [Appellant] has failed to produce any evidence of pretext. […]

4. Pursuant to Tennessee Code Annotated § 28-3-104, [Appellant]'s claim for tortious interference with at-will employment is barred by the applicable statute of limitations. The Court also finds that [Appellant] cannot prevail against [Appellee] on her tortious interference with at-will employment claim because, as a matter of law, [Appellee] cannot interfere with its own employment relationship.

5. Pursuant to Tennessee Code Annotated § 28-3-104, [Appellant]'s claim for intentional infliction of emotional distress is barred by the applicable statute of limitations because her claim accrued more than one year before she filed her lawsuit. The Court also finds that [Appellant] cannot establish the essential elements of her claim because she is unable to show that [KDSH's] behavior was outrageous, reckless or intentional.

6. Pursuant to Tennessee Code Annotated § 28-3-104, [Appellant]'s claim for negligent hiring, retention, and supervision is barred by the applicable statute of limitations because her claim accrued more than one year before she filed her lawsuit.

Having reviewed the record and the trial court's findings,[5] we conclude that the trial court did not abuse its discretion in denying the motion to amend. We, therefore, affirm the trial court's order denying Appellant's motion to amend her complaint, and we also affirm the trial court's order granting the Appellee's motion for summary judgment. As found by the trial court, the Appellant's claims are either time barred by the applicable statute of limitations, or they fail because of Appellant's admission that she quit her job and failed to show up for work in violation of Appellee's no call/no show policy.

## V. Conclusion

For the reasons stated above, we affirm the trial court's judgment. The case is remanded for such further proceedings as may be necessary and are consistent with this

---

[5] Upon review of the record, we note that the trial court's order does not explicitly state when the Appellant's claims accrued with regard to the tortious interference, intentional infliction of emotional distress, and negligent hiring, supervision, and retention claims. From the record, Appellant's claims accrued on December 21, 2011. Appellant's complaint was not filed until December 27, 2012, over a year after the claims had accrued.

opinion. Costs of the appeal are assessed to the Appellant, Gail D. Smith. Because Appellant is proceeding *in forma pauperis* in this appeal, execution may issue for costs if necessary.

                                                 _____

                                                 KENNY ARMSTRONG, JUDGE