**Thomas Tipton THORNBURGH,
Sr., Plaintiff–Appellee,**

v.

**Sue Genevieve THORNBURGH,
Defendant–Appellant.**

Court of Appeals of Tennessee,
Eastern Section.

July 17, 1996.

Application for Permission to Appeal Denied
by Supreme Court Nov. 25, 1996.

Johnny V. Dunaway, LaFollette, for appellant.

Dail R. Cantrell, Clinton, for appellee.

## OPINION

GODDARD, Presiding Judge.

Sue Genevieve Thornburgh appeals a divorce decree rendered in a suit brought by her husband, Thomas Tipton Thornburgh, Sr. The decree granted her husband an absolute divorce, custody of their minor child, divided their marital property and, after a six months' hiatus, ordered her to make certain child support payments.

By her single issue on appeal Ms. Thornburgh contends that the Trial Court was in error in not granting her a new trial because she did not receive effective assistance of counsel. Specifically, she contends that her attorney did not properly prepare her case by failing to pursue discovery procedures, failing to notify—in accordance with a local rule—opposing counsel of the witnesses she intended to call, which resulted in their testimony being excluded, failing to make an offer of proof regarding the excluded testimony and failing to seek a continuance.

Without question in criminal cases, ineffective assistance of counsel is a proper ground for granting post-conviction relief. The doctrine is based upon the Sixth Amendment to the United States Constitution, which grants a criminal defendant the right to assistance of counsel. *Baxter v. Rose*, 523 S.W.2d 930 (Tenn.1975). This has quite properly been construed to mean assistance of effective counsel. *Beasley v. United States*, 491 F.2d 687 (6th Cir.1974).

There is no such constitutional mandate as to civil cases.

We have been unable to find any Tennessee case in point, although appellate decisions have pointed out that "a defendant is not entitled to the constitutional safeguards in a civil case that he has a right to in a criminal case." *Everhart v. State*, 563 S.W.2d 795 (Tenn.Crim.App.1978). *Mack v. State*, an unpublished opinion of the Court of Criminal Appeals filed in Knoxville on October 3, 1986.

We have, however, found federal cases in point. In *Nicholson v. Rushen*, 767 F.2d 1426, 1427 (1985), the 9th Circuit stated the Rule thusly:

Nicholson's claim of ineffective assistance of counsel is similarly unavailing. Generally, a plaintiff in a civil case has no right to effective assistance of counsel. *See Wolfolk v. Rivera*, 729 F.2d 1114, 1119–20 (7th Cir.1984); *Mekdeci v. Merrell National Laboratories*, 711 F.2d 1510, 1522–23 (11th Cir.1983); *Kushner v. Winterthur Swiss Ins. Co.*, 620 F.2d 404, 408 (3d Cir.1980); *Watson v. Moss*, 619 F.2d 775, 776 (8th Cir.1980).

The 9th Circuit again visited the question in *Friedman v. State of Arizona*, 912 F.2d 328, 333 (1990), and was equally succinct:

Friedman contends that his trial counsel rendered him ineffective assistance.

We reject Friedman's ineffective assistance of counsel claim. In a civil case like Friedman's, there is no right to an ineffective assistance of counsel claim. *Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir.1985).

Moreover, we observe that, as pointed out by appellate counsel for Ms. Thornburgh, there was no offer of proof at trial to disclose what the excluded testimony might have shown. In this connection, we also point out that appellate counsel likewise did not apprise us the substance of the excluded evidence, which precludes us from finding that had the evidence been admitted the result would have been different.

Finally, although we hold, as a general rule, that in civil cases relief may not be premised upon the theory of ineffective assistance of counsel, we recognize that there may be cases where the facts are so egregious that justice may require some relief. This, however, is not such a case.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against Ms. Thornburgh and her sureties.

FRANKS and SUSANO, JJ., concur.