IN THE COURT OF APPEALS OF TENNESSEE

# FILED

**November 22, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**
### AT KNOXVILLE

| | |
|---|---|
| DEBBIE KAY MARION, as next friend for JONI MARION and JOY K. BOWLING, children under the age of 18 years, | ) C/A NO. 03A01-9906-CV-00229<br>)<br>) SCOTT CIRCUIT<br>)<br>) HON. CONRAD TROUTMAN, |
| Plaintiff-Appellee, | ) JUDGE<br>) |
| vs. | )<br>) |
| CHARLES DAVID BOWLING, | )<br>) |
| Defendant-Appellant. | ) |

## DISSENTING OPINION

I dissent on the issues of appointment of counsel and being present in court.

I premise my analysis by saying that "there is no absolute right to counsel in civil cases". *See Memphis Board of Realtors v. Cohen*, 786 S.W.2d 951 (Tenn. App. 1989); *Presley v. Hanks*, 782 S.W.2d 482 (Tenn. App. 1989); *In re: Rockwell*, 673 S.W.2d 512 (Tenn. App. 1983), but in this case, defendant filed a motion seeking the appointment of counsel, and as the majority notes, the Trial Court "did not respond to the motion".

Defendant contends that he wanted a jury trial, but due to his limited education and lack of legal training, he did not timely make a demand. The majority's response is that defendant never asked for a jury trial.

Defendant also argues that he was denied due process because he was not permitted to be present for trial. As the majority notes, the record contains two motions filed by defendant requesting that he be brought to attend pre-trial hearings, but apparently the Trial Judge never entered an order on these motions. The majority quotes from *Tolbert*, to the effect that "the question of whether to permit a prisoner/litigant in a civil case to be physically present in court is within the trial court's sound discretion".

The failure of the Trial Judge to exercise his discretion on the motion for appointing counsel, and his failure to exercise his discretion in determining whether the defendant should be present for the trial, do not comport with fundamental fairness which is the right of all litigants. Defendant was entitled to have the merits of these motions duly considered by the Trial Judge. We said in *Thornburgh v. Thornburgh*, 937 S.W.2d 925, 926 (Tenn. App. 1996), that while generally in civil cases relief may not be premised upon a theory of ineffective assistance of counsel, there are cases where the facts are so egregious that justice may require some relief.

The majority bases its ruling in part on the assumption that the defendant chose to represent himself and cited *Irvin v. City of Clarksville*. I cannot say on this record that the defendant "chose to represent himself". In my view, it was a denial of procedural due process for the court to ignore motions of substance by proceeding as if they had not been filed.

Clearly it is not a function of this Court to exercise a trial judge's discretion, and then decide if the discretion we exercized for the Trial Court was an abuse!

Accordingly, I would vacate the judgment and remand for a new trial for the foregoing reasons.

_____
Herschel P. Franks, J.