IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

## PENNY SUE MINCY v. CHARLES DAVID MINCY, SR.

**Direct Appeal from the General Sessions Court for Blount County**
**No. S-3665     William R. Brewer, Jr., Judge**

---

**No. E1999-02304-COA-R3-CV - Decided April 28, 2000**

---

This is a divorce case.  In the judgment granting a divorce, the trial court awarded the plaintiff, Penny Sue Mincy ("Mother"), custody of the parties' minor children.  Thereafter, the parties filed various and sundry post-judgment motions, including the motion of the defendant, Charles David Mincy, Sr. ("Father"), asking the court to reconsider its award of custody and vest the children's custody with him.  Following a subsequent hearing, the trial court entered an order, which provides, *inter alia*, that "[t]he Motion for Change of Custody is granted, based upon the testimony, the total history of the case, and the report of Mr. Tillery, and custody of the parties' minor children shall be with [Father], subject to the Standing Orders of this Court regarding visitation."  Mother appeals, arguing (1) the trial court improperly considered the psychological report submitted by Mr. Tillery; (2) the trial court failed to reconsider its final custody determination despite the ineffective legal assistance of Mother's former counsel; and (3) the trial court erred in failing to make findings of fact and conclusions of law.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the General Sessions Court Affirmed; Case Remanded**

SUSANO, J., delivered the opinion of the court, in which FRANKS and SWINEY, JJ., joined.

Martha Meares and Anne M. Stair, Maryville, Tennessee, for the appellant, Penny Sue Mincy.

H. Allen Bray, Maryville, Tennessee, for the appellee, Charles David Mincy, Sr.

**OPINION**

I. *Background*

Following a contested hearing, the trial court granted Mother an absolute divorce  by way of an amended final judgment of divorce entered on September 18, 1996.  The judgment awarded Mother the sole care, custody, and control of the parties' minor children and set forth Father's visitation rights.

On September 20, 1996, Mother filed a petition for a no contact order and a restraining order, alleging wrongful acts on the part of Father with respect to the children. Father moved for a new trial or for reconsideration of the final judgment of divorce on October 10, 1996. In this motion, Father stated that he should have custody of the children because he had retired and thus could care and provide for them on a full-time basis.

On January 22, 1997, the trial court ordered an independent psychological evaluation of the children to be conducted by William Tillery, a licensed clinical social worker. The court stated that "[s]uch evaluation shall be conducted with all due speed so that said evaluation can be presented to the Court, if possible, on the date of the next scheduled Court hearing...."

Tillery met with the Mincy family on six occasions. On May 19, 1997, Tillery submitted a sealed psychological evaluation directly to the court. He "later"[1] forwarded copies of the report to counsel for the parties.

At a hearing on September 12, 1997, the court ordered a change in custody of the parties' children from Mother to Father. According to the Statement of the Evidence submitted by Mother, the court announced that its decision "was based solely on Mr. Tillery's evaluation." The Statement of the Evidence does not reflect that Mother objected to the court's consideration of Tillery's report. On September 30, 1997, Mother filed a motion requesting the court to make findings of fact and conclusions of law.

The court entered its last order relating to custody on November 17, 1997. This order, granting Father's motion for a change in custody, relates that the decision was "based upon the testimony, the total history of the case, and the report of Mr. Tillery...." The order does not recite findings of fact.

Mother subsequently terminated her attorney and employed attorney Martha Meares, who was substituted as counsel on November 20, 1997. On December 12, 1997, Mother, through her new counsel, moved the court to either reconsider or set aside its last order changing custody. This motion was based on three grounds: (1) the final order was "partially based on a report by Mr. William Tillery which had not been entered into evidence" and thus the ruling was improper because the trial court considered matters not before the court; (2) Mother was not properly and adequately represented at the hearing; and (3) the court failed to make findings of fact and conclusions of law as requested by Mother's former attorney.

Following a hearing, the court denied the motion, stating that "[Mother's] trial counsel in this case did not object to the Court considering the psychological report of Mr. Tillery, and further that there [were] other good and sufficient reasons for this Court to change custody from that of [Mother] to [Father]." The court noted that, while the motion raises several reasons why the court should set

---

[1]The date that the report was sent to the attorneys is not reflected in the record before us.

aside the judgment, the oral argument made by Mother's counsel related only to the first issue concerning the psychological report.

Mother appeals, raising the same three issues raised in her motion to reconsider or set aside the last order changing custody.

## II. *Standard of Review*

A trial court has broad discretion in determining matters of custody. ***Parker v. Parker***, 986 S.W.2d 557, 563 (Tenn. 1999); ***Gaskill v. Gaskill***, 936 S.W.2d 626, 631 (Tenn.Ct.App. 1996). Such determinations are factually driven and involve a consideration of multiple factors. ***Adelsperger v. Adelsperger***, 970 S.W.2d 482, 485 (Tenn.Ct.App. 1997). Our review is *de novo* upon the record of the proceedings below; however, the record comes to us with a presumption of correctness that we must honor "unless the preponderance of the evidence is otherwise." Rule 13(d), Tenn. R. App. P.; *see also* ***Hass v. Knighton***, 676 S.W.2d 554, 555 (Tenn. 1984). The trial court's conclusions of law are reviewed *de novo* with no presumption of correctness. ***Jahn v. Jahn***, 932 S.W.2d 939, 941 (Tenn. Ct. App. 1996).

## III. *Analysis*

### A. The Psychological Report

The first issue raised on this appeal is whether the trial court erred in considering Tillery's psychological report. Mother argues that the court should not have considered the report as evidence because (1) the report was submitted directly to the court; (2) the report is inadmissible hearsay; and (3) the parties were not afforded an opportunity to cross-examine Tillery. We disagree.

The court, in ordering a psychological evaluation, stated that the "evaluation shall be conducted with all due speed *so that said evaluation can be presented to the Court*, if possible, on the date of the next scheduled Court hearing." (Emphasis added). There is no evidence that either of the parties objected to this proposed procedure whereby Tillery would present his report directly to the court. Furthermore, Tillery submitted his letter on May 19, 1997, and, according to the Statement of the Evidence, he "later forwarded copies of this report on to counsel for the parties." There is nothing in the record to indicate that the parties did not obtain the letter before the hearing held some four months later on September 12, 1997. In addition, Mother's counsel did not object to the letter's admissibility. Therefore, we find and hold that it was not error for the trial court to consider the letter in rendering its decision.

Even if the trial court did err in considering the letter -- and we have held that it did not -- such an error would not have been reversible under the circumstances of this case. The trial court's order of November 17, 1997, reflects that it considered "the testimony, the total history of the case, and the report of Mr. Tillery" in rendering its decision. Even if Tillery's letter were excluded, we cannot say that the remaining evidence -- the testimony and the total history of the case -- preponderates against the trial court's factual determinations, because we do not have a transcript

of the original contested hearing. In fact, we do not have a transcript of any of the hearings below. The Statement of the Evidence primarily addresses the hearing of September 12, 1997, and makes a passing reference to a hearing held on November 26, 1996. The original complaint for divorce was filed September 12, 1995, and there were, as far as we can discern from the technical record, at least two hearings in addition to the hearings addressed in the Statement of the Evidence. Therefore, with the record as it exists before us, we are unable to review all of the evidence upon which the trial court based its decision, *i.e.*, the testimony and the total history of the case, to determine whether the evidence preponderates against that decision. Without a record containing all of the facts heard by the trial court, we are unable to review the facts *de novo*, and thus, we must assume that the record, had it been preserved in its entirety, would have contained sufficient evidence to support the decision of the trial court. *See Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn.Ct.App. 1992).

We recognize that the Statement of the Evidence reflects that the trial court "announced that [the] custody decision was based solely on Mr. Tillery's evaluation." Even if the court made this statement at the hearing, however, the statement is of no import. "A Court speaks only through its written judgments, duly entered upon its minutes. Therefore, no oral pronouncement is of any effect unless and until made a part of a written judgment duly entered." *Sparkle Laundry & Cleaners, Inc. v. Kelton*, 595 S.W.2d 88, 93 (Tenn.Ct.App. 1979). The order entered following the hearing under discussion states that the trial court considered more than just Tillery's letter, and, since this other material is not included in the record before us, we must presume the trial court was correct.

In summary, we find and hold that the trial court did not err in considering Tillery's letter when it rendered its decision, and, even if it had so erred, such an error would not be reversible under the circumstances of this case. *See* Rule 36(b), Tenn. R. App. P.

B. Ineffective Assistance of Counsel

Mother next argues that her former attorney's failure to object to the admissibility of Tillery's letter and the manner in which it was presented to the court reflects ineffective assistance of counsel, which in turn renders erroneous the trial court's refusal to grant Mother's motion to reconsider or set aside its last custody order. Again, we disagree.

Generally, there is no constitutional right to effective assistance of counsel in civil cases. *Thornburgh v. Thornburgh*, 937 S.W.2d 925, 926 (Tenn.Ct.App. 1996). Therefore, relief generally "may not be premised upon the theory of ineffective assistance of counsel" in civil cases. *Id*. Some relief may be granted, however, if "the facts are so egregious that justice may require some relief." *Id*. In *Thornburgh*, the appellant contended that her attorney "fail[ed] to pursue discovery procedures, fail[ed] to notify -- in accordance with a local rule -- opposing counsel of the witnesses [the attorney] intended to call, which resulted in their testimony being excluded, fail[ed] to make an offer of proof regarding the excluded testimony and fail[ed] to seek a continuance." *Id*. We held that such facts were not so egregious as to require relief. *Id*.

We are of the opinion that the failure of Mother's former counsel to object to the admissibility of Tillery's letter and the method by which it was submitted to the trial court is not "so

egregious that justice may require some relief." **Id**. Accordingly, we find and hold that the trial court did not err in denying Mother's motion to reconsider on the ground that her former attorney did not properly represent her.

### C. Failure to File Findings of Fact and Conclusions of Law

Mother's final argument is that the trial court erred in failing to properly respond to Mother's motion for findings of fact and conclusions of law.

Rule 52.01, Tenn. R. Civ. P., provides, in pertinent part, as follows:

> In all actions tried upon the facts without a jury, and upon request made by any party prior to the entry of judgment, the court shall find the facts specially and shall state separately its conclusions of law thereon and direct the entry of the appropriate judgment.

Where the trial court makes no findings of fact or conclusions of law despite a party's motion requesting same, an appellate court "must conduct [its] own independent review of the record to determine where the preponderance of the evidence lies." *See* **Brooks v. Brooks**, 992 S.W.2d 403, 404-05 (Tenn. 1999).

We agree with Mother that the trial court failed to make findings of fact and conclusions of law and that it was required to do so, upon Mother's motion, under Rule 52.01, Tenn. R. Civ. P. We note, additionally, that under such circumstances, we are generally to conduct our own review of the record to determine where the preponderance of the evidence lies. *See* **Brooks**, 992 S.W.2d at 404-05. It is, however, the appellant's responsibility to furnish the appellate court with a record "that will enable that court to reach the issues raised." **Word v. Word**, 937 S.W.2d 931, 933 (Tenn.Ct.App. 1996). As we have already stated, we are unable to conduct an appropriate review because the record is incomplete, and we must therefore presume the trial court's action to be correct. **Sherrod**, 849 S.W.2d at 783. Moreover, Mother neglected to prevent or nullify the harmful effect of the trial court's failure to make findings of fact and conclusions of law. Though Mother raised this issue in her motion, the trial court's order denying the motion states that it was not argued at the hearing. We are of the opinion that Mother, by her failure to pursue this issue below, abandoned it. We are not required to grant relief to a party "who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error." Rule 36(a), Tenn. R. App. P. Accordingly, we decline to reverse the trial court on this basis.

### IV. *Conclusion*

The judgment of the trial court is affirmed. This case is remanded for collection of costs assessed below, pursuant to applicable law. Costs on appeal are taxed to the appellant.