IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 26, 2009

## CITY OF OAK RIDGE v. DIANA RUTH BROWN

**Appeal from the Circuit Court for Anderson County**
**No. A3LA0578      Donald R. Elledge, Judge**

_____

**No. E2008-02219-COA-R3-CV  - FILED MAY 8, 2009**

_____

The defendant was stopped by a City of Oak Ridge police officer and cited for speeding. Following an adverse decision in municipal court, the defendant appealed to the trial court. The defendant attempted to raise the defense that the posted speed limit of 45 mph was not legally established, but the trial court would not allow the argument. Subsequently, the trial court found the defendant guilty of speeding and imposed its judgment. On the initial appeal to this court, we vacated the trial court's judgment and remanded the matter to allow the defendant the opportunity to present the defense. At the second trial, the defendant failed to put on proof that the posted speed limit was invalid. Once again, the trial court found her guilty of speeding. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR. J., joined.

Hal Rounds, Somerville, Tennessee, for the Appellant, Diana Ruth Brown.

Tammy M. Dunn, Oak Ridge, Tennessee, for the Appellee, City of Oak Ridge.

### OPINION

### I.  BACKGROUND

On July 11, 2003, Diana Ruth Brown ("Brown") was driving on South Illinois Avenue near Bethel Valley Road in Oak Ridge, Tennessee, when she was stopped by a police officer for the City of Oak Ridge ("City"). The officer cited Brown for speeding, i.e., going 67 mph in a 45 mph zone. South Illinois Avenue is a state highway – State Route 62[1] – within the city limits of Oak Ridge.

---

[1] State Route 62 was formerly a narrow rural road. It has been widened to four lanes and reconstructed, but the speed limit has remained at the original 45 mph.

The officer, acting within his authority as a police officer of the City, used a radar unit to measure Brown's speed.

Almost two months later, Brown was convicted of speeding in the Oak Ridge Municipal Court. She was fined $30 and costs. She appealed her conviction to the Circuit Court for Anderson County.

Before the trial court, Brown attempted to assert that the posted speed limit on State Route 62 had not been established in compliance with applicable law. The crux of Brown's argument was that the required engineering study had not been prepared prior to the posting of the 45 mph speed limit. However, the first trial judge, James B. Scott,[2] would not permit Brown to pursue her argument – the court decided that it did not have jurisdiction to entertain such a defense. After a bench trial, Brown was found guilty of speeding and a fine of $15 and costs was imposed. From that judgment, Brown appealed to this court.

In our first opinion regarding this matter, we held that Brown had attempted to present an appropriate defense and remanded the case to determine whether the posted speed limit had been properly established. *City of Oak Ridge v. Brown*, No. E2004-01574-COA-R3-CV, 2005 WL 1996620 (Tenn. Ct. App. E.S., Aug. 19, 2005). We further held as follows:

> We express no opinion as to whether the defendant can establish, to the satisfaction of the trier of fact, that the posted speed limit on State Route 62 was not properly established. As far as the City's burden of proof is concerned, it can rely upon the presumption of validity referred to in *Thomas* [*v. Harper*, 385 S.W.2d 130 (Tenn. Ct. App. 1964)]. It will be the defendant's obligation to rebut the presumption by proving that the posted speed limit was not properly established. If she fails to satisfy this obligation, the presumption prevails and proof of the posted speed limit establishes the speed limit.

*Brown*, 2005 WL 1996620, at *3.

Upon our remand, the case came before the trial court again on January 4, 2008. After a motion to dismiss, filed by Brown's counsel in December 2007, was denied, the City offered evidence that the speed limit had been posted. The trial court ruled that Brown had not offered any admissible evidence to rebut the presumption of the posted speed. The court further noted that "[n]o proof was offered to demonstrate that South Illinois Avenue is a controlled access roadway and the Court hereby finds to the contrary based upon the testimony of Sgt. Kelly on the accesses to and from said road." The trial court therefore held that the City had established

> that the posted speed limit on State Route 62 was 45 miles per hour and that the Defendant/Appellant was speeding 67 miles per hour at the time of the

---

[2]Judge Scott has since retired.

Defendant/Appellant's citation. As such, the Plaintiff/Appellee has met its burden of proof in establishing the speeding case.

Brown was fined $50 and costs.

According to Brown, her counsel came to the January 2008 trial with neither evidence nor witnesses. She subsequently hired replacement counsel and timely filed a motion for a new trial pursuant to Tenn. R. Civ. P. 59.02, in which she asserted, inter alia, ineffective assistance of counsel. After a hearing on the motion, the trial court ruled as follows:

[T]he maximum authority . . . the Municipal Court of Oak Ridge has is a fifty dollar fine. This Court also finds that [the matter] is civil in nature. The municipal court has no authority to incarcerate. Case law after case law supports that, that it is civil in nature. And, in fact, the motion as filed is [a] rule 59.02 Motion that was civil in nature. Even if it had been a criminal action and I'm certainly not finding that, there is post-conviction petition relief, but I find that is not the appropriate relief to be filed in this case. I find this is a civil case. In fact, it went up not to the Court of Criminal Appeals. The Civil Court of Appeals addressed that without making a finding . . . [T]he Court of Appeals [said] we express no opinion as to whether the defendant can establish to the satisfaction of the trier of fact that the posted speed limit on State Route 62 was not properly established [and] as far as the city's burden of proof is [concerned], it can rely upon the presumption of validity referred to in *Thomas*. And that is what it says, . . . those municipal statutes are proved valid as far as the speed limit. It would be the defendant's obligation to rebut the presumption by proving that the posted speed limit was not established and if she fails to satisfy this obligation the presumption prevails and proof of the posted speed limit establishes the speed limit. That is exactly what the Court of Appeals said and that is what we had our trial on. Everything that is presented to me in the Motion for a New Trial, there is nothing in here specifically setting out that there was an error of fact or an error of law. Nothing. Candidly, I don't think there are any errors of fact or law that were considered the day that we had the trial. That leaves the issue as to whether or not the defendant was appropriately represented by counsel. That is for another venue other than this court in a civil case. . . . And there is case law after case law that says that that does not give to the defendant the right for a new trial at all. It is an interesting question that you have raised. I do not find it to be a valid question.

The order denying a new trial was filed nunc pro tunc January 4, 2008. Brown filed a timely appeal. In post-trial rulings, the trial court found that the exhibits, transcripts, and other documents that were introduced at the earlier trial before Judge Scott were not a part of this trial and, therefore, were not to be included in the record on appeal.

## II. ISSUE

While several issues have been outlined, we believe the dispositive issue presented for review is whether Brown has presented a valid ineffective assistance of counsel claim in this action.

## III.  STANDARD OF REVIEW

In a bench trial, findings of fact by the trial court are presumed to be correct unless the evidence preponderates otherwise.  Conclusions of law are reviewed de novo, with no presumption of correctness.  Tenn. R. App. P. 13(d); *Johnson v. Johnson*, 37 S.W.3d 892, 894 (Tenn. 2001).

## IV.  DISCUSSION

### A.

The gravamen of Brown's motion for a new trial and this appeal is that her prior counsel did not provide her adequate representation.  Brown contends that counsel failed to do the following:

a)  Identify and subpoena witnesses who had relevant discoverable evidence;

b) Subpoena or obtain with Request for Production of Documents and Things documents necessary to determine the adequacy or inadequacy of the process used to establish the speed limit on the subject segment of road;

c)  Communicate over long periods with defendant.  When communications did occur, the tone was conveyed that everything was under control and progressing as necessary for proper representation at trial;

d)  Meet with opposing counsel and the court for at least one planned telephone conference prior to trial;

e)  Meet with agent of defendant at appointed times to revive discovery effort.

Brown further notes that counsel:

a)  Did not bring a single witness to offer evidence of any kind;

b)  Did not produce admissible documentary evidence of any kind;

c)  As a substitute for valid evidence, attempted to present an unauthenticated document tending to show that the plaintiff had indeed failed to perform the engineering study required, as necessary to rebut the presumption of propriety of the speed limit posting, which was the sole controversy at issue;

-4-

d) Attempted to use cross-examination of the sole witness for the City, a policeman, to speak on behalf of the City regarding engineering procedures which the officer had no demonstrated authority to speak about. This attempt to use the City's witness failed, and was resorted to only because no arrangement for legitimate defense witnesses had been made;

e) Notified defendant's agent, who had been ready to assist in any phase of trial preparation, that trial was forthcoming only on or about November 28, 2007, then failed to meet with defendant's agent on December 5, 2007, in a planned last-minute effort to revive discovery. This prevented any attempt to recover from the lack of preparation which was only announced to defendant's agent at the end of November.

According to Brown, the consequence of the lack of trial preparation was to stage a trial that offered no hope of producing for the court's consideration the necessary facts. With no facts, the presumption of validity of the speed limit could not be questioned. The result was essentially a default judgment. Brown contends that the performance of her prior counsel must be judged inadequate pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984).

Brown's argument for a new trial due to ineffective assistance of counsel is based on her belief that a citation and fine for a municipal ordinance violation regulating speed limits (Oak Ridge City Code § 24-159) is criminal, not civil, in substance. She concludes, therefore, that the constitutional right to effective assistance of counsel afforded in criminal proceedings automatically applies to this case.

In *City of Knoxville v. Brown*, ___ S.W.3d ___, No. E2007-01906-COA-R3-CV, 2008 WL 2925370 (Tenn. Ct. App. E.S., July 30, 2008) (Rule 11 perm. app. denied Feb. 17, 2009), we recently considered the issue of whether a municipal ordinance violation and subsequent fine could be considered a criminal matter. This court found that "because the fine imposed is intended to be punitive and a deterrent, constitutional protections are triggered." *Id.* at *8. Nevertheless, we concluded that a proceeding involving a municipal ordinance violation "is civil in nature."

In a civil case, there is no absolute right to counsel. *Lyon v. Lyon*, 765 S.W.2d 759, 763 (Tenn. Ct. App. 1988). The Tennessee Supreme Court has observed that "[w]hile ineffective assistance of counsel is a proper ground for granting relief in a criminal case, there is no such constitutional guarantee to effective counsel in a civil case." *Welch v. Bd. of Prof'l Responsibility*, 193 S.W.3d 457, 465 (Tenn. 2006).

This court, in *Thornburgh v. Thornburgh*, 937 S.W.2d 925, 926 (Tenn. Ct. App. 1996), recognized the "general rule . . . [that] in civil cases relief may not be premised upon the theory of ineffective assistance of counsel." The *Thornburgh* appellant contended that her attorney "fail[ed] to pursue discovery procedures, fail[ed] to notify . . . of the witnesses [the attorney] intended to call, which resulted in their testimony being excluded, fail[ed] to make an offer of proof regarding the excluded testimony and fail[ed] to seek a continuance." *Id.* While we noted that some relief may be granted, if "the facts are so egregious that justice may require some relief," *Id.,* we concluded that

the facts in *Thornburgh* did not reach the required level of egregiousness. *See also Mincy v. Mincy*, No. E1999-02304-COA-R3-CV, 2000 WL 502840 (Tenn. Ct. App. E.S., April 28, 2000).

In the present case, Brown asserts that if certain documentation had been introduced at trial by her prior counsel, the outcome of the case would have been different.

The trial court gave Brown the option of making an offer of proof to demonstrate the testimony and evidence she would have presented had the motion for a new trial not been denied. A review of the transcript of Brown's offer of proof, however, reveals that she did not provide proof to support her contentions. Brown has not set forth any evidence to demonstrate that if witnesses had testified, their testimony would have produced any information beneficial to Brown, much less that such testimony would have overcome the presumption of the validity of the posted speed limit. During Brown's offer of proof, no expert witnesses testified as to knowledge of the speed limit's determination or engineering studies regarding State Route 62. Additionally, Brown's offer of proof did not include the introduction of any documents to challenge the presumption of validity of the posted speed limit. Her offer of proof does not establish any proof of admissible evidence or testimony that could have been obtained by Brown's counsel in support of her defense. Without such proof, counsel's actions cannot be deemed ineffective.

Furthermore, it appears Brown and her husband/agent had specific knowledge prior to trial of what she now deems to be inadequate representation by her counsel. Brown's husband, Ronald C. Brown, noted in an affidavit that the City's witness list "opened the hope that the issues we sought to demonstrate could be shown on cross-examination of those witnesses." Affidavit (January 28, 2008). When the City did not call the witnesses on the list, however, Brown was left with no evidence to present. Despite acknowledging awareness of the attorney's unpreparedness, at no time prior to trial did Brown seek to hire additional or replacement counsel or seek permission from the trial court for a continuance. Brown is not entitled to a new trial for making a poor choice for legal representation, as having

> voluntarily chose[n] this attorney as [her] representative in the action . . . [s]he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney."

*Link v. Wabash R. Co.*, 370 U.S. 626, 634-35 (1962) (citing *Smith v. Ayer*, 101 U.S. 320, 326 (1879)). The conscious acquiescence of a party to his counsel's inaction is a factor weighing against affording relief to a client from the consequence of the inaction. *Link, id.* at 634. In our view, Brown must accept the consequences of not insuring the preparedness of her attorney. *See Dalton v. Dalton*, No. E2060-00255-COA-R3-CV, 2000 WL 1599456 at * 2 (Tenn. Ct. App. E.S., Oct. 27, 2000).

We find and hold that the trial court properly denied the motion for a new trial based on the assertion that prior counsel was ineffective and did not properly represent Brown.

**B.**

On remand of the case back to the trial court, the City re-tried the case against Brown for speeding. After establishing proper authority for the 45 mph speed limit on State Route 62, as evidenced by City Code § 24-159, and knowledge of the posted speed limit signs on State Route 62 through the testimony of the police officer who issued the citation to Brown, the City relied upon the presumption outlined in *Thomas v. Harper*, 385 S.W.2d 130 (Tenn. Ct. App. 1964) as to the validity of the posted speed limit. As specified by our prior opinion, the City was entitled to rely on this presumption and the burden then shifted to Brown to overcome it.

Brown's failure to overcome the presumption is demonstrated by the following testimony:

Mr. Webber: Uh, well, your Honor, . . . we're going to go back and say that we feel that in order for the speed to be properly posted they should have done an engineering study which they did not do. They redesigned . . . .

The Court: . . . I don't have anything before me that says they did not do an engineering study . . . .

Mr. Webber: Uh, but they did not have, the City did not put on any proof that there was an engineering study.

The Court: They don't have to. That's not what the Court of Appeals said. The Court of Appeals specifically said that there's a presumption the speed limit is valid . . . and it is the defendant's responsibility to prove it's not valid. . . .

\* \* \*

The Court: . . . I don't have anything in front of me except a simple speeding case, which is all they're required to prove. Your obligation would be to put on a defense that the speed limit was, as the Court of Appeals said, if the speed limit was not properly established. Without putting on any proof, . . . then the City of Oak Ridge prevails. I have no proof other than she was speeding. . . .

\* \* \*

The Court: And what the Court of Appeals has said and directed me is that that requirement has been established unless and until you put on proof otherwise. The sole issue is whether you have the ability to put that proof on. OK? That's what went up. That's what they ruled. They said you have a right to put on a proof that it[ ] wasn't validly established, but unless and until you do that, it's a valid speed limit. . . .

Mr. Webber: But I mean if there was not an engineering study done and of course the City doesn't have any proof that there is, there has been one done, then wouldn't it be, wouldn't it naturally flow that the speed limit's not properly posted without something like that, if there's been no proof that, they've not put on any proof that there's been one done. . . .

The Court: [I]t's your responsibility. . . . I don't know how much clearer I can make that, it's that they have said in their ruling that it's a valid speed limit until you offer proof otherwise. OK? You have the burden of proof. . . .

\* \* \*

Mr. Webber: . . . [W]e didn't prove that one was done or not because we couldn't get any positive response from any person . . . I guess that's it, your Honor.

The City was under no obligation to produce additional evidence to justify the speed limit. Any responsibility to prove the defense's theory that the speed limit was not proper rested with Brown. At all times during the trial of this case, the City has indicated to Brown that it codified the speed limit on State Route 62 as determined by TDOT.

The record reveals that the testimony of the arresting officer established proof of Brown driving 67 mph on State Route 62. While the City maintains the 45 mph speed limit was properly established and has the presumption of validity by *Thomas*, regardless of whether the speed limit was properly established or not, the maximum allowable speed limit on this type of state highway is 65 mph pursuant to T.C.A. § 55-8-152(a). The State has one available higher speed limit – 70 mph – but this is reserved for "controlled-access highways with four (4) or more lanes, which are designated as being on the state system of highways or the state system of interstate highways." T.C.A. § 55-8-152(c). The trial court specifically found that State Route 62 is not a controlled access highway – thus, it is not subject to a speed limit of greater than 65 mph pursuant to T.C.A. § 55-8-152(c). Therefore, Brown can be found guilty of speeding on this route based upon her speed of 67 mph regardless of the posted speed limit.

## V.  CONCLUSION

The judgment of the trial court is affirmed and this cause is remanded for collection of the costs below. Costs on appeal are taxed to the Appellant, Diana Ruth Brown.

_____
JOHN W. McCLARTY, JUDGE

-8-