# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
September 23, 2015 Session

## SUSAN LYNN MORGAN v. JOHN DAVID KRAUSS

**Direct Appeal from the Circuit Court for Rutherford County**
**No. 64137     J. Mark Rogers, Judge**

---

**No. M2014-02035-COA-R3-CV – Filed October 12, 2015**

---

Appellant appeals the trial court's denial of a motion filed pursuant to Tennessee Rule of Civil Procedure 52.02. The trial court denied the appellant's request to elicit testimony from the appellee during the Rule 52.02 hearing and denied the appellant's motion. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which RICHARD H. DINKINS, J., and KENNY ARMSTRONG, J., joined.

Raymond Graham Prince, Nashville, Tennessee, for the appellant, John David Krauss.

Jacqueline Belle Dixon, Nashville, Tennessee, for the appellee, Susan Lynn Morgan.

## OPINION

### I. FACTS & PROCEDURAL HISTORY

John David Krauss ("Mr. Krauss") and Susan Lynn Morgan ("Dr. Morgan") married in 1994 in Nashville, Tennessee. Mr. Krauss was diagnosed with multiple sclerosis ("MS") in 1997 and receives federal disability income because he is unable to work as a result of his disease. Dr. Morgan is a self-employed physician. Dr. Morgan filed a complaint for divorce in January 2012 citing irreconcilable differences. Dr. Morgan's attorney enclosed with the complaint for divorce a letter explaining to Mr. Krauss that she could not give him legal advice and encouraging him to retain an attorney. In March 2012, Dr. Morgan's attorney sent Mr. Krauss a proposed Marital Dissolution Agreement ("MDA") and again requested that he share the MDA with his attorney if he chose to retain one. Mr. Krauss elected not to retain counsel and signed

and returned the MDA. In April 2012, the parties submitted affidavits affirming, in part, that they had read the MDA, believed the agreement to be fair, and requested that the court conduct a hearing in their absence. The MDA granted Mr. Krauss, in part, transitional alimony in the amount of $1,000 per month for six years following the sale of the marital residence. Mr. Krauss was also granted $100,000 in stocks and bonds and $100,000 from Dr. Morgan's 401(k). The parties were divorced by final decree on April 18, 2012.

In May 2013, because the parties' marital residence had not yet sold, the parties agreed to an order amending the final decree whereby Dr. Morgan paid Mr. Krauss $120,000 as an advance for his share of the equity in their marital residence. The order required Mr. Krauss to vacate the marital residence, where he had been living, upon receipt of the funds. The order also modified the alimony provision so that Mr. Krauss would begin to receive alimony two weeks after vacating the marital residence, rather than when the residence sold.

In February 2014, Mr. Krauss retained counsel and filed a motion for Tennessee Rule of Civil Procedure 60.02[1] relief, specifically requesting that the court strike and modify the portion of the MDA granting him transitional alimony in the amount of $1,000 per month for six years. Mr. Krauss argued that the alimony provisions of the MDA and Final Decree were voidable because he did not understand the different types of alimony available to him and would not have agreed to the alimony terms set forth in the MDA if he had been aware that he was not requesting long-term alimony. Mr. Krauss also argued that Dr. Morgan knowingly made a false statement to the court when she affirmed in the MDA that Mr. Krauss "needs neither rehabilitative nor periodic alimony," given her awareness of his MS diagnosis. After a hearing on May 2, 2014, the court denied Mr. Krauss' Rule 60.02 motion. The court specifically found no basis for relief under subsections (3), (4), or (5) of Rule 60.02 and then directed its attention to Mr. Krauss' motion and testimony with regard to subsections (1) and (2). The court made a number of findings, including that Mr. Krauss "elected not to employ counsel during the pendency of [the] divorce action," that Mr. Krauss had a lack of understanding of

_____

[1] Tennessee Rule of Civil Procedure 60.02 provides:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment.

alimony, that Mr. Krauss was aware of his own health condition, and that there was no effort made to prevent Mr. Krauss from appearing in court for the approval of the MDA. The court concluded that "there was no proof of the elements of mistake, inadvertence, surprise or excusable neglect under Rule 60.02(1) . . ." and further that under Rule 60.02(2) "there was no fraud, misconduct or misrepresentation . . . " on the part of either Dr. Morgan or her attorney.

On May 27, 2014, attorney Phillip D. Barber[2] entered a notice of appearance and replaced Mr. Krauss' previous counsel.   Mr. Krauss then filed a Rule 52.02[3] motion for additional findings and to amend the judgment entered after the May 2 hearing on the basis that "previous counsel failed to adequately present a full and complete argument and disclosure of the facts that formed the basis for [his] Rule 60.02 motion . . . ." During the hearing on the Rule 52.02 motion, counsel for Mr. Krauss argued that Mr. Krauss' previous attorney submitted a "half-completed draft prepared by someone other than himself" and failed to "offer the Court the arguments and the evidence necessary [for the court] to make an informed decision on [Mr. Krauss'] Rule 60.02 motion." Mr. Krauss' counsel further stated that Mr. Krauss specifically wanted the court "to reopen the 60.02 hearing so that we can provide you with evidence regarding all the factors that surrounded the execution of the marital dissolution agreement."   To support his argument, counsel for Mr. Krauss sought to elicit testimony from Dr. Morgan during the hearing.  Following an objection from Dr. Morgan's counsel, the court declined to hear testimony from Dr. Morgan and limited its consideration of the matter to the argument and testimony presented at the Rule 60.02 hearing.  Finding that Mr. Krauss "want[ed], in effect, to relitigate, reopen the hearing and put on additional evidence and proof and submit other additional evidence to the Court in order for the Court to make additional findings," and that nothing had been pointed out to the court that occurred on the day of the Rule 60.02 hearing that was not set forth in the order or in the transcript of the court's ruling, the court denied Mr. Krauss' motion for Rule 52.02 relief.

---

[2] Phillip D. Barber was granted leave to withdraw as counsel of record for Mr. Krauss on May 29, 2015. Raymond Graham Prince filed a notice of appearance on June 17, 2015, as counsel for Mr. Krauss.

[3] Tennessee Rule of Civil Procedure 52.02 provides:

> Upon motion of a party made not later than 30 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly. The motion may be made with a motion for a new trial pursuant to Rule 59. When findings of fact are made in actions tried by the court without a jury, the question of the sufficiency of the evidence to support the findings may be raised on appeal whether or not the party raising the question has made in the trial court an objection to such findings or has made a motion to amend them or a motion for judgment. Tenn. R. Civ. P. 52.02

## II. ISSUES PRESENTED

Mr. Krauss presents the following issues on appeal, as slightly reworded:

1.  Whether the trial court's interpretation of Rule 52.02, Tenn. R. Civ. Proc. was too narrow and constitutes an abuse of discretion.

2.  Whether counsel's performance in the Rule 60.02 proceedings was so deficient that justice requires reversal of the denial of his Rule 60.02 motion.

3.  Whether the award of transitional alimony to Mr. Krauss violates public policy.

Dr. Morgan also raised the following additional issues for our review:

4.  Whether Mr. Krauss' Rule 60.02 Motion was not timely filed and therefore time-barred.

5.  Whether Dr. Morgan should be awarded her attorney's fees at trial and on appeal.

For the following reasons, we affirm.

## III. DISCUSSION

### A. The Trial Court's Interpretation of Rule 52.02

A trial court's findings of fact in nonjury cases are reviewed *de novo* upon the record. The trial court is afforded a presumption of correctness unless the preponderance of the evidence is otherwise. *Wright v. City of Knoxville*, 898 S.W.2d 177, 181 (Tenn. 1995). A trial court's decision to deny or grant a motion for additional findings under Rule 52.02 is within the discretion of the trial court. Accordingly, the standard of review for an appeal of the trial court's ruling on a Rule 52.02 motion is whether the trial court abused its discretion. *Holladay v. Speed*, 208 S.W.3d 408, 415 (Tenn. Ct. App. 2005)(citing *Long Equip. Co. v. Keaton*, 736 S.W.2d 611, 614 (Tenn. Ct. App. 1987)).

We review the trial court's interpretation of the Tennessee Rules of Civil Procedure *de novo* with no presumption of correctness. *Lacy v. Cox*, 152 S.W.3d 480, 483 (Tenn. 2004).

4

The rules of statutory construction guide our interpretation of these rules. *Thomas v. Oldfield*, 279 S.W.3d 259, 261 (Tenn.2009) (holding that "[a]lthough the rules of civil procedure are not statutes, the same rules of statutory construction apply"). Our primary interpretive objective is to effectuate the drafters' intent without broadening or restricting the intended scope of the rule. *See Owens v. State*, 908 S.W.2d 923, 926 (Tenn.1995). We achieve this objective by examining the text, and if the language is unambiguous, we simply apply the plain meaning of the words used. *Garrison v. Bickford*, 377 S.W.3d 659, 663 (Tenn.2012). Our duty is to enforce the rule as written. *See Waldschmidt v. Reassure Am. Life Ins. Co.*, 271 S.W.3d 173, 176 (Tenn.2008).

*Fair v. Cochran*, 418 S.W.3d 542, 544 (Tenn. 2013).

At issue is whether the circuit court interpreted Rule 52.02 too narrowly when it declined to allow counsel for Mr. Krauss to elicit testimony from Dr. Morgan during the hearing on Mr. Krauss' Rule 52.02 motion. The court stated that it wanted to "hear from everyone that the rules of evidence and the rules of civil procedure allow[ed] [it] to hear from," but ultimately determined that Rule 52.02 did not provide it the discretion to hear additional testimony. We agree. Rule 52.02 says "the court may amend its findings or make additional findings and may amend the judgment accordingly." Tenn. R. Civ. P. 52.02. Nothing in the rule provides for additional live testimony. Plainly read, the language of the rule is unambiguous. *Garrison*, 377 S.W.3d at 663.

Mr. Krauss points to our supreme court's decision in *Harris v. Chern* to support his argument that Tennessee law allows for additional evidence to be submitted during a Rule 52.02 hearing. *Harris v. Chern*, 33 S.W.3d 741 (Tenn. 2000). We respectfully disagree. In *Harris*, the supreme court granted review "to determine the standard to be applied in ruling on a Tenn. R. Civ. P. 54.02 motion to revise a grant of *partial summary judgment* based upon evidence beyond that which was before the court when the motion was initially granted." *Id.* at 742 (emphasis added). The court set forth a five-factor test for a trial court to consider when determining whether to allow newly submitted evidence during a Rule 54.02 hearing. The court further noted that "many of the same considerations discussed herein would be applicable when a litigant submits additional evidence as part of a Rule 59.04 motion to alter or amend a *summary judgment*." *Id.* at 746 n.4 (emphasis added).

Mr. Krauss seeks to make an additional leap to extend *Harris* to Rule 52.02. However, Mr. Krauss' argument fails to perceive the inherent differences between a motion to alter a summary judgment pursuant to Rule 54.02 and a motion to alter a judgment based on the merits of the case pursuant to Rule 52.02. The supreme court

5

stated that its decision in *Harris* was meant to "ensure that meritorious claims go to trial." *Id.* at 746. Such is not the case here, where Mr. Krauss agreed to the provisions of an MDA in lieu of trial. Nothing in Rule 52.02 or the supreme court's decision in *Harris* suggests that the circuit court should have allowed counsel for Mr. Krauss to elicit testimony from Dr. Morgan during the Rule 52.02 hearing. Accordingly, we affirm the circuit court's refusal to hear new testimony.

## C. Ineffective Assistance of Counsel

Mr. Krauss' next argument, regarding the perceived deficiency of his counsel before and during the Rule 60.02 hearing, appears to be fundamentally the same as his argument regarding the Rule 52.02 motion. As the circuit court noted, Mr. Krauss essentially wants another opportunity to argue his Rule 60.02 motion. Because it is clear that the circuit court properly denied Mr. Krauss' Rule 60.02 motion based on the evidence presented during the hearing, and, in fact, Mr. Krauss does not dispute that the Rule 60.02 motion was properly denied as presented to the court, he instead wants relief from the Rule 60.02 judgment on the basis that his counsel was deficient. Mr. Krauss correctly notes that there is generally no constitutional right to effective assistance of counsel in civil cases. *Mincy v. Mincy*, No. E1999-02304-COA-R3-CV, 2000 WL 502840 at *4 (Tenn. Ct. App. Apr. 28, 2000)(citing *Thornburgh v. Thornburgh*, 937 S.W.2d 925, 296 (Tenn. Ct. App. 1996)). Relief generally "may not be premised upon the theory of ineffective assistance of counsel" in civil cases. *Thornburgh*, 937 S.W.2d at 926. In *Thornburgh*, we noted that there may be circumstances in which the "facts are so egregious that justice may require some relief" but held that the appellant's attorney's failure to pursue discovery and causing the exclusion of witnesses were not facts so egregious as to require relief. *Id.*

We are of the opinion that the performance of Mr. Krauss' former counsel is not "so egregious that justice may require some relief." *Id.* Mr. Krauss' argument that his former counsel failed to adequately prepare for the Rule 60.02 hearing and failed to make the proper arguments and elicit the necessary testimony during the Rule 60.02 hearing are similar to those made by the appellant in *Thornburgh*. Accordingly, we decline to provide relief based on the performance of Mr. Krauss' former counsel.

## D. Public Policy

Mr. Krauss' final argument is that the award of transitional alimony is the result of an agreement that is contrary to public policy and unenforceable. We disagree. Relying on *Cary v. Cary*, 937 S.W.2d 777, 782 (Tenn. 1996), Mr. Krauss argues that enforcement of the MDA's alimony provision will render him a public charge and that this Court must void the transitional alimony and award alimony in accordance with the factors set out in

Tennessee Code Annotated section 36-5-101. He asserts that even with the $1,000 per month award of transitional alimony, his monthly expenses exceed his income. Further, he argues that costs associated with medical care for his MS will increase over time. However, Mr. Krauss fails to mention the other provisions of the MDA that granted him over $300,000 in stocks, retirement funds, and cash. The award of transitional alimony is scheduled to come to an end when Mr. Krauss reaches the age of sixty-two, when his disability will be converted to Social Security retirement benefits and he will qualify to make withdrawals from his retirement accounts. The record simply does not support a finding that enforcement of the parties' MDA will render Mr. Krauss a public charge. Therefore, we hold that the parties' MDA is not against public policy and is enforceable.

## E. Attorney's Fees

Finally, Dr. Morgan argues that the trial court erred by not granting her request for attorney's fees at trial, and she also requests attorney's fees on appeal. Whether to award attorney's fees in a divorce or post-divorce proceeding is in the discretion of the trial court and is reviewed under an abuse of discretion standard. *Watson v. Watson*, 309 S.W.3d 483, 500-01 (Tenn. Ct. App. 2009). During the hearing on Mr. Krauss' Rule 60.02 motion, the circuit court declined to award Dr. Morgan her attorney's fees based on the language of the parties' MDA. The pertinent provision reads:

> 21. **NON-COMPLIANCE**. In the event it becomes reasonably necessary for either party to institute legal proceedings to procure the enforcement of any provision of this Agreement, he or she shall also be entitled to a judgment for reasonable expenses, including attorney fees, incurred in prosecuting the action.
>
> In the event a creditor of either party seeks to compel the other party to pay any debt for which that party is not responsible, either by contract or pursuant to the terms of this Agreement, the party against whom such claim is made shall be entitled to recover from the other party the amount of any payment he or she makes, including interest, and any expenses incurred in defending the creditor's claim, including reasonable attorney fees.

Finding nothing in the parties' MDA requiring Mr. Krauss to pay Dr. Morgan's attorney's fees, the circuit court denied Dr. Morgan's request for attorney's fees. Having reviewed the record, we conclude that the trial court did not abuse its discretion in denying Dr. Morgan her attorney's fees.

The award of attorney's fees on appeal is within the sound discretion of this Court. *Archer v. Archer*, 907 S.W.2d 412, 419 (Tenn. Ct. App. 1995). "When considering a request for attorney's fees on appeal, we also consider the requesting party's ability to

pay such fees, the requesting party's success on appeal, whether the requesting party sought the appeal in good faith, and any other equitable factors relevant in a given case." *Darvarmanesh v. Gharacholou*, No. M2004-00262-COA-R3-CV, 2005 WL 1684050 at *16 (Tenn. Ct. App. July 19, 2005) (citations omitted).  Considering these facts, we decline to award Dr. Morgan her attorney's fees.

## IV.  CONCLUSION

For the foregoing reasons, we affirm the decision of the circuit court.  All other issues are pretermitted.  Costs of this appeal are taxed to the appellant, Mr. Krauss, and his surety, for which execution may issue, if necessary.

_____
BRANDON O. GIBSON, JUDGE