

**FILED**
**Jul 25, 2024**
**01:07 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Judy Williams | ) Docket No. 2023-03-3926 |
| | ) |
| v. | ) State File No. 114475-2019 |
| | ) |
| Tennessee Farmers Cooperative Risk | ) |
| Management d/b/a Smoky Mountain | ) |
| Farmers Cooperative, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Lisa A. Lowe, Judge | ) |

---

### Affirmed as Modified and Remanded

---

This interlocutory appeal presents an issue of first impression concerning statutory construction. We are asked in this case to determine whether an employer is entitled to the Social Security offset outlined in Tennessee Code Annotated section 50-6-207(4)(A)(i) if the effect of applying the offset lowers an employee's weekly workers' compensation rate to below the "minimum weekly benefit" as defined by statute. The employee was already receiving Social Security retirement benefits when she fell and injured her right arm at work. Following medical treatment, she alleged she was permanently and totally disabled as a result of the injury. Although the employer accepted the compensability of the claim, it filed a motion for partial summary judgment asking the court to set the appropriate compensation rate because, if the Social Security offset was applied, the employee's weekly benefit amount would be less than the statutory minimum compensation rate. The trial court determined that even though the statute provided an offset, the employer must nonetheless pay the minimum weekly benefit for the employee's permanent disability. The employer has appealed. Upon careful consideration of the record, we affirm the trial court's order as modified and remand the case.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Lee Anne Murray and Taylor R. Pruitt, Brentwood, Tennessee, for the employer-appellant, Tennessee Farmers Cooperative Risk Management d/b/a Smoky Mountain Farmers Cooperative

George R. Garrison, Sevierville, Tennessee, for the appellee, Judy Williams

**Factual and Procedural Background**

The facts in this case are largely undisputed. Judy Williams ("Employee") was working for Tennessee Farmers Cooperative Risk Management d/b/a Smoky Mountain Farmers Cooperative ("Employer") on December 2, 2019, when she tripped and fell, injuring her right arm. Employer accepted the claim as compensable, and Employee received authorized medical treatment. On April 24, 2023, Dr. Edwin Spencer, Jr., opined Employee was at maximum medical improvement for a non-union of a humerus fracture and assigned a 5% permanent impairment rating. Shortly thereafter, Employee filed a petition for benefit determination seeking permanent disability benefits.

At the time of the injury, Employee was 63 years old and was already receiving Social Security retirement benefits of $1,003.00 per month, or $231.46 per week.[1] Due to Employee's age, the parties agreed that the most Employee could receive in workers' compensation permanent disability is 260 weeks of benefits pursuant to Tennessee Code Annotated section 50-6-207(4)(A)(i). They further agreed that Employee's average weekly wage is $150.79, sixty-six and two-thirds of which is $100.53. However, the parties acknowledged that the minimum weekly benefit for Employee's date of injury is $144.00. Moreover, also pursuant to Tennessee Code Annotated section 50-6-207(4)(A)(i), the parties agreed that if the Social Security offset applies, Employer would be entitled to a weekly offset of 50% of Employee's retirement benefits, or $115.73 per week. If applied, this offset would lower Employee's weekly benefit to $28.27. Given these calculations, the parties disagreed as to whether Employer was entitled to the Social Security offset.

Based on this disagreement and the unanswered question of law, Employer filed a motion for partial summary judgment. The trial court, relying on our recent decision in *Oldham v. Freeman Webb Co. Realtors*, determined it could rule on the motion without waiting for the compensation hearing, as the motion did not involve questions regarding the credibility of witnesses or the compensability of the claim. *See Oldham*, No. 2022-03-0420, 2024 TN Wrk. Comp. App. Bd. LEXIS 8, at *12 (Tenn. Workers' Comp. App. Bd. Mar. 6, 2024). The court then examined the wording of Tennessee Code Annotated section 50-6-207(4)(A)(i) and found that, in reviewing the statutory construction, "when the offset rate falls below the minimum rate, the minimum rate applies." It went on to state that it would be "inconsistent" and "unreasonable" to interpret the statute otherwise. Finally, it determined that if Employee "is entitled to permanent total disability benefits, then those benefits should be paid at the statutory minimum rate." Employer has appealed.

---

[1] This weekly amount is calculated by multiplying her monthly Social Security benefit by 12, then dividing by 52.

2

**Standard of Review**

The interpretation and application of statutes and regulations are questions of law that we review de novo with no presumption that the trial court's conclusions are correct. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). The grant or denial of a motion for summary judgment is also a question of law that we review de novo with no presumption that the trial court's conclusions are correct. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). As such, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2023).

**Analysis**

In its brief, Employer argues that the Workers' Compensation Law mandates its entitlement to the Social Security offset identified in Tennessee Code Annotated section 50-6-207(4)(A)(i). The statute provides, in relevant part:

> [W]ith respect to disabilities resulting from injuries that occur less than five (5) years before the date when the employee is eligible for full benefits in the Old Age Insurance Benefit Program . . . or after the employee is eligible for such benefits, permanent total disability benefits are payable for a period of two hundred sixty (260) weeks. The compensation payments *shall* be reduced by the amount of any old age insurance benefit payments attributable to employer contributions that the employee may receive under title 42, chapter 7, title II of the Social Security Act (42 U.S.C. § 401 et seq.).

Tenn. Code Ann. § 50-6-207(4)(A)(i) (2023) (emphasis added).

Thus, in the present case, Employer argues that the intent of this statute is to prevent a "windfall" to an employee by prohibiting an employee from contemporaneously receiving permanent disability benefits at his or her weekly compensation rate *and* the benefit of employers' contributions to his or her Social Security retirement benefit. In Employer's view, requiring it to pay the minimum weekly benefit in this case would provide such a windfall and, in effect, allow Employee to receive duplicate benefits.[2] In

---

[2] Employer also disputes a statement in the trial court's order suggesting that it had stipulated Employee is permanently totally disabled. Specifically, in the order that is the subject of this appeal, the trial court stated: "the parties purport to have resolved all issues in this case ([Employee] is permanently totally disabled)." We did not find that stipulation in the record, and Employee states in her brief on appeal that although the parties have reached a tentative agreement regarding the extent of vocational disability, they have "not yet announced [it] to the court." As such, we conclude there is no stipulation in the record on

3

her brief on appeal, Employee argues that the statutory definition of the minimum compensation rate, as well as the other provisions of the statute, make Employer's payment of the minimum weekly benefit mandatory, regardless of the offset.

"The benefits conferred by our Workers' Compensation Act are purely statutory, and the circumstances under which they are paid and the manner in which they are calculated depend solely upon statutory authority." *Leatherwood v. United Parcel Service*, 708 S.W.2d 396, 399 (Tenn. Ct. App. 1985). There are several important components of the Act to consider in analyzing the legislative intent regarding this issue. First, the "minimum weekly benefit" is defined as the "minimum compensation rate per week payable to the worker . . . ." Tenn. Code Ann. § 50-6-102(16) (2023). The required minimum weekly benefit is referenced extensively in the schedule of compensation set out in Tennessee Code Annotated section 50-6-207, which governs how benefits are calculated, including temporary total disability, temporary partial disability, permanent partial disability, and permanent total disability. In relation to temporary total disability, the statute provides the following benefits:

> For injury producing temporary total disability, sixty-six and two-thirds percent (66 2/3%) of the average weekly wages . . ., subject to the maximum weekly benefit and minimum weekly benefit; provided that if the employee's average weekly wages are equal to or greater than the minimum weekly benefit, *the employee shall receive not less than the minimum weekly benefit*; and provided further that if the employee's average weekly wages are less than the minimum weekly benefit, the employee shall receive the full amount of the employee's average weekly wage, *but in no event* shall the compensation paid be less than the minimum weekly benefit.

Tenn. Code Ann. § 50-6-207(1)(A) (2023) (emphases added). In relation to temporary partial disability benefits, the statute states:

> [T]he compensation shall be sixty-six and two-thirds percent (66 2/3%) of the difference between the average weekly wage of the worker at the time of the injury and the wage the worker is able to earn in the worker's partially disabled condition. . . . *In no event* shall the compensation be less than the minimum weekly benefit.

appeal with respect to the extent of Employee's permanent disability. However, our Supreme Court has determined that the social security offset contained in Tennessee Code Annotated section 50-6-207(4)(A)(i) applies to both permanent total and permanent partial disability benefits. *See McCoy v. T.T.C. Illinois, Inc.*, 14 S.W.3d 734 (Tenn. 2000). Thus, our determination in this case applies to both types of permanent benefits.

4

Tenn. Code Ann. § 50-6-207(2)(A) (2023) (emphasis added).[3]  Finally, in addition to the Social Security offset language quoted above, Tennessee Code Annotated section 50-6-207(4)(A)(i) also states that a permanently totally disabled employee is to receive the following:

> [S]ixty-six and two-thirds percent (66 2/3%) of the wages received at the time of the injury, subject to the maximum weekly benefit and [the] minimum weekly benefit; provided, that if the employee's average weekly wages are equal to or greater than the minimum weekly benefit, *the employee shall receive not less than the minimum weekly benefit*; provided, further, that if the employee's average weekly wages are less than the minimum weekly benefit, the employee shall receive the full amount of the employee's average weekly wages, *but in no event shall the compensation paid be less than the minimum weekly benefit.*

(Emphases added.)

Thus, the critical question in this appeal is: if the "compensation paid" cannot be less than the minimum weekly benefit, but it "shall be reduced" by employer contributions to the employee's old age benefits, did the legislature intend for the weekly amount of permanent disability benefits paid by the employer ever to be reduced *below* the minimum weekly benefit?  We conclude it did not.

The most important objective of statutory construction is to determine the intent of the legislature and give effect to that intent.  *Walker v. Sunrise Pontiac-GMC Truck, Inc.*, 249 S.W.3d 301, 309 (Tenn. 2008).  To achieve this objective, we begin by examining the language of the statute in question.  *Curtis v. G.E. Capital Modular Space*, 155 S.W.3d 877, 881 (Tenn. 2005).  We must presume that "every word in a statute has meaning and purpose."  *Lanier v. Rains*, 229 S.W.3d 656, 661 (Tenn. 2007).  It is also well-settled that "statutes '*in pari materia*' -- those relating to the same subject or having a common purpose -- are to be construed together, and the construction of one such statute, if doubtful, may be aided by considering the words and legislative intent indicated by the language of another statute."  *Wilson v. Johnson Cnty*, 879 S.W.2d 807, 809 (Tenn. 1994).  As we have previously stated,

> [w]hen construing a statute, our goal is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope.  We determine legislative intent from the natural and ordinary meaning of the statutory language within the context of the

---

[3] Our analysis of this issue *only* addresses the statutory construction of this language in the context of permanent total and permanent partial disability benefits.

entire statute without any forced or subtle construction that would extend or limit the statute's meaning.

*Thompson v. Comcast Corp.*, No. 2017-05-0639, 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at \*24 (Tenn. Workers' Comp. App. Bd. Jan. 30, 2018) (internal citations and quotation marks omitted).

Here, when reviewing the Workers' Compensation Law in toto, we note the legislature repeatedly stated that "in no event" should the compensation paid for disability, whether temporary or permanent, be less than the minimum weekly benefit. Yet, we must also consider that most cases in which appellate courts have discussed the calculation of compensation rates are pre-reform, and the courts often emphasized the remedial nature of the statutes at issue. For example, in *Mackie v. Young Sales Corp.*, 51 S.W.3d 554 (Tenn. 2001), the Tennessee Supreme Court, in addressing the calculation of the proper weekly compensation rate, explained as follows:

> This Court must interpret those statutes in a manner designed to protect workers and their families from the economic devastation that, in many instances, can follow on-the-job injuries. Furthermore, Tennessee's workers' compensation laws must be construed so as to ensure that injured employees are justly and appropriately reimbursed for debilitating injuries suffered in the course of service to the employer.

*Id.* at 556; *see also Cantrell v. Carrier Corp.*, 193 S.W.3d 467, 472 (Tenn. 2006) (citing *Mackie* and stating "[o]ne of the purposes of the statute is to 'provide injured workers with periodic payments as a substitute for lost wages in a manner consistent with the worker's regular wage'" in holding that the dates an employee missed due to illness or disability should be excluded in calculating the average weekly wage). Following the passage of the 2013 Workers' Compensation Reform Act, however, courts can no longer interpret workers' compensation statutes "remedially or liberally," and the law "shall not be construed in a manner favoring either the employee or employer." Tenn. Code Ann. § 50-6-116.

It is significant to note that, when enacting the reforms in 2013, the legislature did not change the language of subsection 207(4)(A)(i) regarding either the Social Security offset or the minimum weekly benefit. Moreover, we have found no evidence of a legislative intent to subject employers to the requirements of the minimum weekly benefit in every case *except* for cases in which the employee will be eligible for Social Security retirement benefits in the five year period after maximum medical improvement, which is the interpretation required to accept Employer's argument.[4] Instead, we conclude that the

---

[4] Specifically, in this case and similarly situated cases, Employer's interpretation would result in a significant windfall for the employer or its insurer, given that Employee was already receiving Social

language "*in no event* shall the compensation paid be less than the minimum weekly benefit" is inclusive of those circumstances in which an employer can claim the benefit of a Social Security offset. To accept Employer's interpretation of the statutes would result in certain employees being deprived of some or all permanent disability benefits despite the Workers' Compensation Law's admonition that *in no event* shall an employer pay less than the minimum weekly benefit. In sum, we find no support in the statute or binding precedent for Employer's argument that permanent disability benefits can be decreased by the Social Security offset to the extent that the payments would be less than the minimum weekly benefit. Therefore, we affirm the trial court's denial of the motion for partial summary judgment.

## Conclusion

For the foregoing reasons, we modify the trial court's order to reflect that there has been no stipulation at this time regarding the extent of Employee's permanent vocational disability; we affirm the court's order in all other respects; and we remand the case. Costs on appeal are taxed to Employer.

---

Security retirement benefits at the time she began working for Employer and only worked for 24 weeks before her injury. Thus, this employer made little to no contribution to Employee's Social Security retirement. Although case law is clear that an employer is given the benefit of all prior employers' contributions when applying the Social Security offset, the statute also clearly states "in no event" can the compensation paid be less than the minimum weekly benefit. *See Cummings v. Express Courier Int'l, Inc.*, No. E2020-00548-SC-R3-WC, 2021 Tenn. LEXIS 55, at *14-15 (Tenn. Workers' Comp. Panel Feb. 17, 2021). As noted by the trial court, Employer's interpretation would also lead to scenarios in which an employee could be permanently totally disabled from an injury yet receive no workers' compensation disability benefits if that benefit were erased by the Social Security offset.

7



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Judy Williams | ) | Docket No. 2023-03-3926 |
| | ) | |
| v. | ) | State File No. 114475-2019 |
| | ) | |
| Tennessee Farmers Cooperative Risk | ) | |
| Management d/b/a Smoky Mountain | ) | |
| Farmers Cooperative, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Lisa A. Lowe, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 25th day of July, 2024.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| George R. Garrison | | | | X | georgegarrison@volsfirm.net |
| Lee Anne Murray Taylor R. Pruitt | | | | X | leeamurray@feeneymurray.com trp@feeneymurray.com |
| Lisa A. Lowe, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Matthew Keene
Acting Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-532-1564
Electronic Mail: WCAppeals.Clerk@tn.gov